**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Humberto SANCHEZ,
Defendant–Appellant.**

No. 89–50505.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 4, 1991.[*]

Decided March 8, 1991.

Charles L. Goldberg and Patrick Q. Hall, Goldberg, Frant & Hall, San Diego, Cal., for defendant-appellant.

Dean G. Dunlavey, Asst. U.S. Atty., Major Narcotics Section, Los Angeles, Cal., for plaintiff-appellee.

---

[*] The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Before BROWNING, NELSON and REINHARDT, Circuit Judges.

PER CURIAM:

Appellant Humberto Sanchez was sentenced to 185 months imprisonment for possession of approximately 1500 pounds of cocaine with intent to distribute. Sanchez appeals his sentence, claiming the district court erroneously concluded it lacked discretion to depart downward. We affirm.

*Background*

Shortly after Sanchez's arrest for the instant offense, the government seized most of Sanchez's assets, claiming they were purchased with proceeds from drug trafficking. Eventually, Sanchez and the government entered into a settlement agreement. Sanchez agreed to surrender most of his property, but was permitted to keep one house, several cars, and some jewelry. The civil forfeiture settlement agreement also stated:

> The United States of America hereby acknowledges that the claimants have rendered substantial assistance to the authorities by cooperating in their investigation of the forfeiture of the properties described herein and acknowledges the claimants' desire to facilitate and cooperate with the United States in obtaining title to the stipulated forfeited properties.

In separate criminal proceedings, Sanchez pleaded guilty to possession of cocaine with intent to distribute. That plea agreement stated, in relevant part:

> The government is aware of the fact that defendant has entered into a stipulated civil forfeiture agreement with the United States.... Pursuant to that agreement, defendant has forfeited approximately $1.35 million in assets. Defendant is free to argue that, based upon that forfeiture, he has provided substantial assistance to the government and is eligible for up to a two point reduction based on that assistance.
>
> The government does not believe that entering into such a forfeiture agreement constitutes substantial assistance as that term is used in 5K1.1 of the Sentencing Guidelines, and is free to argue its position in that regard at the time of sentencing.

As the plea agreement anticipated, Sanchez argued below that his conduct constituted substantial assistance within the meaning of Section 5K1.1 of the Sentencing Guidelines. United States Sentencing Commission, *Guidelines Manual*, § 5K1.1 (Nov. 1990). Sanchez also argued the district court should depart downward in any event because the Guidelines do not adequately take civil forfeitures into account in determining sentences. The district court ruled against Sanchez with respect to both claims. Sanchez appealed.

*Substantial Assistance*

> Section 5K1.1 of the Guidelines states: Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.

The district court concluded that surrendering property pursuant to a civil forfeiture agreement did not constitute substantial assistance to the government within the meaning of Section 5K1.1. Consequently, it refused to consider whether or not this was an appropriate case for a discretionary departure under this section.

■ As a preliminary matter, we note that we have jurisdiction to hear this claim. Although this court has no jurisdiction to review a discretionary refusal to depart downward, *United States v. Morales*, 898 F.2d 99, 101–03 (9th Cir.1990), "a district court's perception that it lacks the power to depart from a Guideline range stems not from an exercise of discretion but from an interpretation of the law, and is therefore appealable...." *United States v. Mena*, 925 F.2d 354, 355 (9th Cir.1991).

■ On the merits, the district court correctly concluded that assistance provided in a civil forfeiture proceeding is not "substantial assistance" within the meaning of Section 5K1.1. That section is restricted to cases in which "the defendant has provided

substantial assistance in the investigation or prosecution of another person who has committed an offense." U.S.S.G. § 5K1.1. Thus, by its plain language, Section 5K1.1 applies only to assistance provided in the investigation or prosecution of another person.

The terms of the settlement agreement in this case are not to the contrary. The agreement simply acknowledged Sanchez's "substantial assistance" in the civil forfeiture proceedings. No mention was made of any assistance in any criminal investigation or in the prosecution of another person.

*Factors Not Adequately Taken into Account by the Guidelines*

■ Section 5K2.0 permits a departure from the Guideline range only when "the court finds 'that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration'" by the Guidelines. U.S.S.G. § 5K2.0, p.s. (quoting 18 U.S.C. § 3553(b)). Sanchez argues the district court erroneously concluded it lacked discretion to depart downward under Section 5K2.0 based upon Sanchez's assistance in the civil forfeiture proceedings. Again, we conclude we have jurisdiction to hear this claim. *See* supra at 1093.

We find no basis in the record for Sanchez's claim. Though the sentencing judge quite plainly believed he had no discretion to depart downward under Section 5K1.1, there is no indication in the record that he believed a downward departure under Section 5K2.0 was impermissible.

AFFIRMED.