952 F.2d 408
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff/Appellee,
v.
Kenneth Allen SEVIER, Defendant/Appellant.
 No. 91-10139.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 10, 1991.*
Decided Jan. 3, 1992.
 
 Before ALDISERT,** GOODWIN and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Kenneth Allen Sevier appeals from the sentence entered upon his conviction of possessing with intent to distribute and distributing methamphetamine. He argues that the district court erred in refusing to exercise its discretion to depart downward from the established sentencing guideline range, and that the district judge erred in refusing to recuse himself from sentencing Sevier based on 28 U.S.C. § 455.
 
 
 3
 We conclude that we lack appellate jurisdiction to review the district court's discretionary refusal to depart downward from the sentencing guideline range, see United States v. Morales, 898 F.2d 99 (9th Cir.1990), and that the district judge's refusal to recuse himself from sentencing Sevier was not inconsistent with the sound exercise of discretion. Accordingly, we affirm the judgment of the district court.
 
 
 4
 Jurisdiction was proper in the district court under 18 U.S.C. § 3231 and 21 U.S.C. §§ 841(a)(1), 846. We have appellate jurisdiction based on 28 U.S.C. § 1291 over Sevier's claim that the district judge erred in refusing to recuse himself. The appeal was timely filed under Rule 4(b), F.R.A.P.
 
 I.
 
 5
 On January 16, 1990, Napa County authorities arrested Sevier and charged him with various narcotics violations stemming from two alleged sales of methamphetamine to Gregory Copenhaver, a cooperating witness. After arraigning Sevier and placing him on bail, the state authorities decided to turn the case over to federal authorities. On January 26, 1990, a federal grand jury returned a three-count indictment charging Sevier with conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846; possession of more than 100 grams of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); and distribution of more than 100 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1).
 
 
 6
 During the course of extensive pretrial discovery, Sevier learned that the state authorities had tape recordings of conversations between him and Copenhaver that took place on November 8 and 18, 1988. Although the offenses charged in the indictment did not relate back to 1988, Sevier asked the government to provide him with the tapes, but the government was unable to obtain them from local authorities at that time.
 
 
 7
 On June 29, 1990, Sevier pled guilty to counts two and three of the indictment pursuant to a plea agreement. The government agreed to dismiss the conspiracy count at the time of sentencing.
 
 
 8
 After Sevier had entered his plea, Copenhaver contacted Sevier's counsel and told him that he (Copenhaver) had been pressured by Napa authorities to purchase methamphetamine from Sevier throughout 1989, but that his repeated attempts to acquire methamphetamine from Sevier were unsuccessful until January 1990. Based upon this information, Sevier concluded that the government had withheld potentially exculpatory evidence.
 
 
 9
 Although he did not wish to withdraw his guilty plea, Sevier asked the district court to continue his sentencing while he sought additional discovery, including the two November 1988 tapes. The district court granted his request, and on September 13, 1990, the government produced the two tapes.
 
 
 10
 Because the tapes were of such poor quality, Sevier retained an expert to enhance the tapes. After listening to the enhanced tapes, Sevier, Copenhaver and Sevier's counsel filed declarations stating that the state and federal authorities had grossly mischaracterized the contents of the tapes. Based upon his interpretation of the tapes, Sevier filed a motion to exclude the tapes from consideration at sentencing.
 
 
 11
 The district court subsequently listened to the two November 1988 tapes and compared them to the transcriptions offered by each party. At the sentencing hearing on February 19, 1991, the court found that the tapes were of such poor quality that no transcribed version could be credited, and ruled that they would not be admitted as evidence for sentencing. The court stated:
 
 
 12
 The problem I'm having, and the reason I'm reciting this into the record ... is that I have listened to the tapes, and they are of such poor quality and contain so much extraneous conversations, I can't tell which is the more accurate interpretation, the spin that the Government puts on it or the spin that you [Sevier] put on it, based on the declaration of the defendant and [the] cooperating witness.
 
 
 13
 R.T. (2/19/91) at 49; E.R. at 79. The district court also rejected Sevier's request for a downward departure from the sentencing guideline range based upon coercion and duress, denied the government's request for an upward adjustment from the guidelines and declined to recuse itself sua sponte for bias or prejudice under 28 U.S.C. § 455.
 
 
 14
 The district court subsequently sentenced Sevier to 109 months incarceration, which is in the middle of the 97- to 121-month range established by the Sentencing Guidelines. This appeal followed.
 
 II.
 
 15
 Sevier argues that the district court erred in refusing to depart downward from the applicable sentencing guideline range on the basis that Sevier "committed the offense because of serious coercion, blackmail or duress, under circumstances not amounting to a complete defense." U.S.S.G. § 5K2.12. The government responds that the court's refusal to depart downward is not appealable under the teachings of United States v. Morales, 898 F.2d 99 (9th Cir.1990).
 
 
 16
 We held in Morales that a district court's "discretionary decision not to depart downward from the guidelines is not subject to review on appeal." Id. at 103. Sevier argues that the Morales rule does not apply here because the district court did not simply fail to exercise its discretion to depart; it failed to recognize its authority to depart on the basis of coercion and duress. See United States v. Sanchez, 927 F.2d 1092, 1093 (9th Cir.1991) (per curiam) (recognizing appellate jurisdiction to review a refusal to depart downward based on the sentencing court's "perception that it lacks the power to depart"). In determining whether the sentencing court recognized its authority to depart, however, we assume that the "court knows and applies the law correctly, realizes that it does have authority to depart, but concludes that it would be inappropriate to do so on the facts of the particular case." United States v. Garcia-Garcia, 927 F.2d 489, 491 (9th Cir.1991) (per curiam).
 
 
 17
 We believe that the district court's remarks at the sentencing hearing in this case reveal that it understood that it had the authority to depart downward based upon a finding of duress or unusual circumstances. One of the court's reasons for considering the November 1988 tapes was to determine whether they evidenced coercion or duress. The court stated:
 
 
 18
 As to the request for the downward departure from the guideline range, as I've indicated, there's no credible evidence of duress....
 
 
 19
 I'm also not going to consider anything in connection with those two tapes, or events of 1988.... I can't tell where the truth lies with sufficient certainty to either upward adjust or downward depart based on those tapes. I can't tell who's lying.
 
 
 20
 .............................................................
 
 
 21
 ...................
 
 
 22
 * * *
 
 
 23
 The other reason I'm denying the request for the downward departure is if there was credible evidence of duress, I'm sure that the defendant would be moving to withdraw his pleas based on that duress.
 
 
 24
 Secondly, there's no credible evidence that the U.S. withheld anything.
 
 
 25
 Thirdly, to the extent that downward departures are discretionary with the trial court in unusual cases, it's not called for here. This is not an unusual case.
 
 
 26
 Defendant is a drug dealer who apparently made quite a bit of money at it. The guideline ranges are adequate for determination of an appropriate sentence in this case.
 
 
 27
 R.T. (2/19/91) at 75-76; E.R. at 105-06.
 
 
 28
 Based upon these explicit findings, we cannot say that the district court failed to recognize that it had discretionary authority to depart downward from the sentencing guideline range in this case. The court simply refused to exercise its discretion to depart, presenting a clear application of the Morales rule. See Garcia-Garcia, 927 F.2d at 490-91. We hold, therefore, that we lack jurisdiction to review the court's discretionary refusal to depart downward from the guidelines.
 
 III.
 
 29
 Sevier next contends that the district judge erred in failing to recuse himself from sentencing Sevier based on 28 U.S.C. § 455. This section provides, in relevant part:
 
 
 30
 (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
 
 
 31
 (b) He shall also disqualify himself in the following circumstances:
 
 
 32
 (1) Where he has a personal bias or prejudice concerning a party....
 
 
 33
 Id. § 455(a), (b)(1). Sevier argues that the district judge's rulings favoring the government, particularly those involving the contents of the November 1988 tapes, and his comments chastising Sevier's attorney on several occasions for not following certain procedural rules evidence his "actual and apparent bias which resulted in clearly erroneous findings of fact on which the court based its decisions regarding sentencing." Appellant's Brief at 23.
 
 
 34
 A trial judge's refusal to recuse sua sponte based on 28 U.S.C. § 455 is reviewed for abuse of discretion. United States v. Hernandez-Escarsega, 886 F.2d 1560, 1581 (9th Cir.1989), cert. denied, 110 S.Ct. 3237 (1990). Because Sevier withdrew his motion for recusal prior to sentencing, he bears an "increase[d] burden in demonstrating that the district judge erred in not recusing himself" under section 455. Pau v. Yosemite Park and Curry Co., 928 F.2d 880, 885 (9th Cir.1991).
 
 
 35
 Sevier cannot sustain that burden here. All of his allegations relate to incidents that occurred during the course of the proceedings, and recusal under section 455 is required " 'only if the bias or prejudice stems from an extrajudicial source and not from conduct or rulings made during the course of the proceeding.' " Id. (quoting Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1388 (9th Cir.1988)).
 
 
 36
 Moreover, the bias or prejudice must be directed against the party, not against the party's attorney. United States v. Burt, 765 F.2d 1364, 1368 (9th Cir.1985). The record in this case does not demonstrate any judicial bias or prejudice against Sevier himself. The district judge stated at the sentencing hearing: "What I know is that the defendant is a narcotics trafficker, that he's pled guilty, and I know what the guidelines compute a range of sentencing for that offense. Obviously, that's part of the sentencing process." R.T. (2/19/91) at 59; E.R. at 89. That the judge chose to give Sevier a sentence in the middle of the sentencing guideline range further evidences his lack of bias or prejudice.
 
 
 37
 We conclude that Sevier has failed to establish any judicial bias or prejudice against him. Thus, the district judge's refusal to recuse himself under 28 U.S.C. § 455 was not inconsistent with the sound exercise of discretion.
 
 IV.
 
 38
 We have considered all of Sevier's contentions. The judgment of the district court is
 
 
 39
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3