958 F.2d 369
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tarkey Renrick BLACKBURN, Defendant-Appellant.
 No. 91-5847.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 3, 1992.
Decided March 20, 1992.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert J. Staker, District Judge. (CR-91-77-3)
 Leonard A. Kaplan, Assistant Federal Public Defender, Charleston, W.Va., for appellant.
 Michael W. Carey, United States Attorney, Phillip B. Scott, Assistant United States Attorney, Charleston, W.Va., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before K.K. HALL and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Tarkey Renrick Blackburn appeals from the order of the district court denying his motion to dismiss the indictment against him, and from the sentence imposed following his conviction under 18 U.S.C. § 922(g)(1) (West Supp.1991). We affirm.
 
 
 2
 Blackburn was convicted of grand larceny in the Circuit Court of Wayne County, West Virginia in 1986. The maximum punishment for this crime exceeded one year. In September 1990 Blackburn was arrested by local deputies who found him in a car with a loaded .22 caliber pistol visible on the dashboard. Blackburn was subsequently indicted for being a felon in possession of a weapon in violation of § 922(g)(1).
 
 
 3
 Blackburn moved to dismiss the indictment, arguing that West Virginia had restored his right to possess firearms. In January 1990 when he was discharged from parole for the grand larceny conviction, Blackburn received a certificate stating that "any or all civil rights heretofor forfeited are restored." However, in April 1989 West Virginia had enacted W.Va.Code § 61-7-7 (Supp.1991), which made it a crime for a felon to possess a weapon unless he had petitioned in state court for such relief. Blackburn never sought relief under section 61-7-7.
 
 
 4
 The district court denied the motion to dismiss, holding that, in light of section 61-7-7, Blackburn's right to possess firearms had not been restored. Blackburn subsequently pled guilty, while preserving his right to appeal the court's denial of the motion to dismiss.
 
 
 5
 The presentence report calculated Blackburn's base offense level as twelve and his criminal history category as IV, resulting in a sentencing range of twenty-one to twenty-seven months. Blackburn raised several objections. First, he argued that he was entitled to the reduction in U.S.S.G. § 2K2.1(b)(1) (1990) because the gun had been possessed solely for legitimate sporting purposes. Second, he argued that the court should depart downward because he had reasonably believed, based upon his release certificate, that his right to possess the weapon had been restored. The district court declined to adopt either of Blackburn's contentions and sentenced him to twenty-four months, the middle of the guideline range. Blackburn filed a timely notice of appeal.
 
 
 6
 Blackburn concedes that the district court's decision denying his motion to dismiss was in accordance with this Court's ruling in United States v. McLean, 904 F.2d 216, 218-19 (4th Cir.), cert. denied, 111 S.Ct. 203 (1990). He argues that McLean was wrongly decided and should be overruled. This we decline to do. One panel of this court is without power to overturn the prior decision of another panel. Caldwell v. Ogden Sea Transp. Inc., 618 F.2d 1037, 1041 (4th Cir.1980).
 
 
 7
 While Blackburn acknowledges that in light of McLean he is guilty of the offense, he contends that his reasonable reliance on the certificate constituted an "imperfect defense." He analogizes such an imperfect defense to coercion and duress, both of which may form the basis of a downward departure from the range established by the sentencing guidelines, see U.S.S.G. § 5K2.12 (1990), and contends that the district court should have departed downward in his case. The district court concluded that the factor argued by Blackburn had been adequately taken into consideration by the sentencing guidelines and therefore could not serve as the basis for a departure.
 
 
 8
 In United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir.), cert. denied, 111 S.Ct. 65 (1990), this Court held that a district court's refusal to depart downward is unreviewable. However, an exception to this rule of nonreviewability exists if the district court "mistakenly believed it was without authority to depart." Id. at 31. The present case falls within the exception in Bayerle allowing for review. If the district court wrongly concludes that the basis argued by a defendant is not a proper basis for departure then the court has, in essence, incorrectly concluded that it lacks the power to depart. See United States v. Sanchez, 927 F.2d 1092, 1093-94 (9th Cir.1991) (per curiam).
 
 
 9
 Scienter is not required for convictions under § 922(g)(1), and a person may be convicted even when he did not know that he was prohibited from possessing weapons. See United States v. Santiesteban, 825 F.2d 779, 782 (4th Cir.1987). Ignorance of the law is not a defense to a charge under this statute. See id. In addition, this Court held in United States v. Etheridge, 932 F.2d 318, 320-21 (4th Cir.), cert. denied, 112 S.Ct. 323 (1991), that it was no defense to a conviction under § 922(g)(1) that the defendant had been affirmatively told by a state judge that he could possess weapons solely for hunting purposes.
 
 
 10
 The net result of Santiesteban and Etheridge is that ignorance of the illegality of one's possession of weapons, even when based upon statements by state officials, is not a defense, incomplete or otherwise, to charges under § 922(g)(1). Since such reliance is not a defense, it is clearly not a factor which would support a departure from the guidelines.
 
 
 11
 Blackburn's final contention is that the district court improperly relied upon personal knowledge in determining that Blackburn's claim that he possessed the pistol solely for hunting purposes was incredible. To the contrary, we find that the district judge relied solely on practical experience and knowledge in declining to believe Blackburn's claim.
 
 
 12
 In conclusion, we affirm the district court's denial of Blackburn's motion to dismiss the indictment, and the decision not to depart downward. We find no error in the sentencing proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 13
 AFFIRMED.