979 F.2d 856
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Willie Sebastian JOHNSON, Defendant-Appellant.
 No. 92-30034.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1992.*
Decided Nov. 17, 1992.
 
 Before EUGENE A. WRIGHT, HUG and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Willie Sebastian Johnson ("Johnson") was charged by complaint with having robbed the Frontier Alaska State Credit Union and the First National Bank of Anchorage. Pursuant to a plea agreement, Johnson acknowledged responsibility for both robberies and pleaded guilty to an information charging him with one count of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d).
 
 
 3
 In the presentence report, the probation officer determined that Johnson's total offense level was 27 and that his criminal history category was IV. In computing the criminal history category, the probation officer considered only those offenses Johnson committed as an adult. Johnson's juvenile adjudications were later added to the presentence report. However, they did not change his criminal history category or the applicable sentencing guideline range.
 
 
 4
 At sentencing, the district court determined that Johnson's total offense level was 24 and that his criminal history category was IV, producing a guideline range of 77 to 96 months of imprisonment and three to five years of supervised release. Johnson requested a downward departure because he "was virtually abandoned by his parents and was subject to a 'youthful lack of guidance' as described in United States v. Floyd, 945 F.2d 1096 (9th Cir.1991)." The district court denied the request and sentenced Johnson to 77 months' imprisonment followed by five years of supervised release.
 
 
 5
 Johnson timely appeals the district court's decision not to depart from the applicable sentencing guideline range to account for his youthful lack of guidance. The district court's jurisdiction was based upon 18 U.S.C. § 3231. As a threshold matter, we must determine whether we have jurisdiction to review the district court's refusal to depart downward. See United States v. Morales, 898 F.2d 99, 101 (9th Cir.1990).
 
 
 6
 A district court's decision not to depart downward from the guidelines is discretionary and not subject to appellate review. Morales, 898 F.2d at 103. However, if a court believes that it has no discretion to depart, there is an error of law which we may review de novo. United States v. Sanchez, 927 F.2d 1092, 1093 (9th Cir.1991); United States v. Mena, 925 F.2d 354, 355 (9th Cir.1991).
 
 
 7
 Johnson argues that the district court mistakenly believed that it had no authority to depart downward because Johnson lacked youthful guidance. According to Johnson, the district court "confessed an inability to understand the circumstances under which a sentence might be reduced for 'lack of youthful guidance' and expressed disagreement with the Circuit Court's theory that 'lack of youthful guidance' constituted a legitimate ground for departure."
 
 
 8
 Read in their entirety, the district court's remarks do not support Johnson's assertions. Although the district court expressed concern about the substantial percentage of criminal defendants to which Floyd arguably may apply and the difficulty involved in making meaningful distinctions between the defendant in Floyd and the defendants in other cases, the district court went on to state:
 
 
 9
 I just--intellectually, I can't bring myself to [depart downward], because the offenses are sufficiently serious that the points strike me as being appropriate, even if I, in the last analysis, say if I had it to do all by myself, I wouldn't sentence quite so heavily. But I find that, although the youthful lack of guidance argument is made out here, I decline to exercise my discretion to apply that rule, because I cannot make the further additional finding that I believe I would have to make to the effect that the defendant's prior criminal history is overstated, because I don't believe it is; nor can I find that the guidelines overstate the seriousness of the offense of conviction, because I don't believe that's the case, either.
 
 
 10
 So for those reasons, I have declined to employ the youthful lack of guidance departure theory, even though it factually might be applicable to this case.
 
 
 11
 Appellant's E.R. at 33-34 (emphasis added).
 
 
 12
 These comments demonstrate that the district court carefully considered Johnson's background and criminal history as well as the facts of this case in reaching a sentencing decision. See United States v. Koenig, 952 F.2d 267, 274 (9th Cir.1991). The district court gave no indication that its refusal to depart from the guideline range was other than discretionary. See United States v. Belden, 957 F.2d 671, 676 (9th Cir.), cert. denied, --- U.S. S.Ct. ----, 1992 WL 171384 (Oct. 5, 1992) (where district judge stated that he was "not inclined to depart" and that, even though the sentence was harsh and he sympathized with defendant, there was no basis for departure, refusal to depart downward not reviewable); United States v. Sanchez, 914 F.2d 1355, 1363 (9th Cir.1990), cert. denied, --- U.S. ----, 111 S.Ct. 1626 (1991) (district court's statement that "while the guidelines impose greater sentences than normally I would consider, I don't think they are unreasonable or inappropriate in this respect" is consistent with exercise of discretion); United States v. Williams, 898 F.2d 1400, 1403 (9th Cir.1990) (district court's statement that "I do not find that I have the authority [to depart] in this case, nor do I find facts which would lead me to believe I should depart" constitutes discretionary refusal to depart); cf. United States v. Cook, 938 F.2d 149, 152 (9th Cir.1991).
 
 
 13
 We hold that the district court exercised its discretion in refusing to depart from the applicable sentencing guideline range to account for Johnson's youthful lack of guidance. Thus, we are without jurisdiction to review the district court's decision.
 
 
 14
 APPEAL DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3