

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-27-2004

# USA v. Jones

Precedential or Non-Precedential: Precedential

Docket No. 03-1411

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Jones" (2004). *2004 Decisions.* Paper 347.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/347

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

No. 03-1411

UNITED STATES OF AMERICA

v.

GARY W. JONES,

Appellant

On Appeal from the United States
District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 02-cr-00575)
District Judge: Hon. Eduardo C.
Robreno

Argued March 11, 2004

Before: SLOVITER and NYGAARD,
Circuit Judges, and SHADUR, District
Judge*

(Filed: August 27, 2004)

---

*    Hon. Milton I. Shadur, United
States District Court Judge for the
Northern District of Illinois, sitting by
designation.

David L. McColgin  (Argued)
      Assistant Federal Defender
      Supervising Appellate Attorney
Maureen Kearney Rowley
      Chief Federal Defender
Robert Epstein
Federal Court Division
Defender Association of Philadelphia
Philadelphia, PA 19106

      Attorneys for Appellant

Patrick L. Meehan
      United States Attorney
Laurie Magid
      Deputy United States Attorney
      for Policy and Appeals
Robert A. Zauzmer
      Assistant United States Attorney
      Senior Appellate Counsel
Peter D. Hardy(Argued)
Catherine Votaw
      Assistant United States Attorneys
Philadelphia, PA 19106

      Attorneys for Appellee

OPINION OF THE COURT

SLOVITER, Circuit Judge.

Appellant states that the issue
before us is "[w]hether the district court
had the authority under U.S.S.G. § 5K2.0
to grant a downward departure, in the
absence of a government motion, on the
basis of Mr. Jones's substantial assistance
in two civil matters." We see the issue
differently, albeit related. The answer to
the issue posed by appellant is clear – a

district court may depart under U.S.S.G. Section 5K2.0 without a Government motion, and to the extent that the District Court in this case said otherwise, it misspoke. The more difficult question raised by this appeal is whether appellant's assistance was a factor that falls within the scope of Section 5K2.0.

## I.

From October 1998 to April 1999, Jones embezzled $236,626 in retirement funds from Arthur and Selma Braid, an elderly couple for whom Jones worked as an accountant and financial advisor. Jones accomplished this crime by forging Mr. Braid's signature on checks from Fidelity Investments, where the Braids maintained their retirement funds, and depositing the checks into his own account. Also, during this period Jones advised the couple to invest $10,000 and Jones himself invested his own funds and Mr. Braid's stolen retirement funds in International Recovery, Limited (IRL) for what turned out to be a fruitless venture. Mr. Braid later sued Fidelity, but recouped less than half of the embezzled funds.[1]

---

[1] Fidelity paid Mr. Braid $125,000, and was reimbursed by its insurance company. The Braids' losses exceeded the amount of the embezzled funds as they incurred legal expenses in seeking to recoup the loss and were required to pay back taxes, penalties and interest, because Jones failed to file their Pennsylvania tax returns for six or seven years.

The Braids hired a new financial adviser who discovered the theft in October 1999 and they informed the FBI and the SEC, which began investigating Jones. Jones eventually admitted his embezzlement and began cooperating with the authorities in investigating IRL. Jones states that in the course of assisting the authorities, he made 60-70 phone calls, two of which were monitored; attended 15-20 meetings; and wore a body wire for the FBI during a meeting. After the FBI decided not to pursue a criminal investigation of IRL in August 2000, Jones remained in contact with the SEC regarding IRL until November 2000. Jones alleges that he provided substantial assistance, even purchasing a copy machine from his own funds to copy thousands of pages of relevant documents to present to the SEC, traveled to the Philippines to investigate IRL abroad, and provided three to four hours of testimony under oath "as part of the investigation of this company," which he believed had "broken some laws and would be subject to some kind of p[ro]secution for that." App. at 31a-32a, 45a-46a. Jones concedes, however, that he undertook many of these efforts without having been instructed to do so by the Government. Jones contends that IRL stopped soliciting investors and went out of business, in part, because of his actions. An SEC representative informed the Government that it "never acted on the defendant's statements because they could not be corroborated." Supp. App. at 3.

The Government indicted Jones for

bank fraud pursuant to 18 U.S.C. § 1344 and he pled guilty on October 24, 2002. Jones moved for a downward departure based on, inter alia,[2] his cooperation with the SEC and FBI in reporting IRL's activities, uncovering its financial "inaccuracies and misappropriations," and exposing "undercover embezzling" by officers of the corporation. App. at 102a-04a. Jones also argued that Mr. Braid received a settlement from Fidelity, based in part on his assistance and willingness to testify, which provided additional grounds for a downward departure.

Critically, Jones moved for this downward departure pursuant to U.S. Sentencing Guideline Section 5K2.0. Section 5K2.0 permits departures for "mitigating circumstance[s] . . . not adequately taken into consideration by the Sentencing Commission"; it does not require a supporting motion from the Government, as is required for a motion for substantial assistance under Section 5K1.1. The Government opposed Jones' motion, arguing that he was not eligible for a Section 5K2.0 departure because he had not alleged unconstitutional motive or bad faith acts by the Government.

The District Court denied Jones'

---

[2] Jones also argued that a departure was warranted because of his post-offense rehabilitation (alcoholism recovery) and his ability to make restitution to his victims if he were not jailed. These grounds are not at issue on appeal.

Section 5K2.0 motion for a downward departure, stating:

> [D]istrict courts have no authority to grant substantial departures under 5K2.0 in the absence of a Government motion under 5K1.1. And in this case, there has been no motion under 5K1.1.
>
> Additionally, there is no claim of unconstitutional motive or discrimination or bad faith on the part of the Government.
>
> I think to the extent that the defendant has cooperated, that should be taken care of and the defendant should be credited within the sentencing guidelines for his cooperation with the SEC and all the other efforts that have been outlined here.
>
> And finally, I find that the combination of all of those factors do not warrant a departure under Koon versus the United States. And, again, I recognize that I have the power to depart as a result of a combination of these factors, but I find that this is a case which does not

3

warrant or justify it and it's not an appropriate case for the exercise of that discretion.

App. at 74a-75a.

The District Court sentenced Jones to imprisonment for 18 months and required him to make restitution to the Braids. Jones timely appealed.[3]

## II.

Jones' primary contention on appeal is that the District Court improperly held that it did not have authority to grant a downward departure under Section 5K2.0 without an accompanying motion by the Government in support. Inasmuch as this presents a legal issue, we review the District Court's conclusions of law de novo. United States v. Abuhouran, 161 F.3d 206, 209 (3d Cir. 1998).

Departures pursuant to Section 5K2.0 do not hinge upon a Government's motion in support thereof. U.S. Sentencing Guidelines Manual § 5K2.0. There is no such requirement in the Guideline, and courts that have granted such departures have done so without any Government motion. See, e.g., Koon v. United States, 518 U.S. 81 (1996); United

States v. Dominguez, 296 F.3d 192, 195 (3d Cir. 2002) (holding that district court had authority to grant Section 5K2.0 downward departure despite Government's opposition); see also United States v. Vitale, 159 F.3d 810, 813 (3d Cir. 1998) (noting that district court granted defendant's § 5K2.0 departure, without mention of Government support or opposition thereto).

The more difficult question raised by this case is whether a defendant's assistance in connection with a civil investigation or case falls within the scope of Section 5K2.0, as Jones contends, rather than within the scope of Section 5K1.1. Jones contends that his assistance to the SEC took him outside the ambit of Section 5K1.1. Jones argues that we should confine the supporting motion requirement of Section 5K1.1 to substantial assistance on criminal matters and that we should hold that the district courts have the discretion to grant departures for assistance in civil matters under Section 5K2.0, which does not require a supporting Government motion.

Sentencing Guideline Section 5K2.0, as it applied to Jones, provided in part:

> § 5K2.0 Grounds for Departure (Policy Statement)
>
> Under 18 U.S.C. § 3553(b) the sentencing court may impose a sentence outside the range established by the applicable guideline, if the court finds "that there exists

---

[3] We have jurisdiction over this matter pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

4

an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." . . . [T]he court may depart from the guideline, even though the reason for departure is taken into consideration in the guideline range (e.g., as a specific offense characteristic or other adjustment), if the court determines that, in light of unusual circumstances, the weight attached to that factor under the guidelines is inadequate or excessive....

[A]n offender characteristic or other circumstance that is in the Commission's view, "not ordinarily relevant" in determining whether a sentence should be outside the applicable guideline range may be relevant to this determination if such characteristic or circumstance is present to an unusual degree and distinguishes the case from the "heartland" cases covered by the guidelines.

U.S. Sentencing Guidelines Manual § 5K2.0.[4]

In Koon, the Supreme Court, in a thorough discussion of Section 5K2.0, stated that although Section 5K2.0 does not impose a "limit on the number of potential factors that may warrant departure," 518 U.S. at 106 (quoting Burns v. United States, 501 U.S. 129, 136-37 (1991)), downward departure factors may be categorized as falling into four primary groups: factors that are prohibited, encouraged, discouraged, or unmentioned. Koon, 518 U.S. at 94-95. Consideration of

_____

[4] Although Section 5K2.0 was amended in 2003 by the Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act of 2003 (PROTECT Act), Pub. L. No. 108-21, § 401(m)(2)(A), 117 Stat. 650, 675 (Apr. 30, 2003), this amendment does not apply to Jones, whose criminal conduct occurred and who was sentenced prior to the amendment. The amendments do not change the substance as applicable to Jones.

5

substantial assistance in civil matters is not prohibited, encouraged, or discouraged. Substantial assistance in civil matters is an unmentioned factor and thus this court "must, after considering the 'structure and theory of both relevant individual guidelines and the Guidelines taken as a whole,' decide whether it is sufficient to take the case out of the Guideline's heartland." Id. (quoting United States v. Rivera, 994 F.2d 942, 949 (1st Cir. 1993)).

This court has not yet addressed the issue whether assistance in civil matters falls within Section 5K2.0. In United States v. Abuhouran, 161 F.3d 206 (3d Cir. 1998), we considered a somewhat related issue: whether Section 5K2.0 gave the district court the authority to depart downward in a criminal case on the ground that defendant offered substantial assistance to the Government even though the Government had not moved for the departure under Section 5K1.1. In rejecting the defendant's claim, we noted we had recognized only two "extraordinary circumstances" in which a district court may depart from the Guidelines without governmental acquiescence: where the Government refused to file a substantial assistance motion based on an unconstitutional motive, id. at 212 (citing Wade v. United States, 504 U.S. 181 (1992)); and where the Government acted in bad faith with regard to a plea agreement, id. (United States v. Isaac, 141 F.3d 477, 484 (3d Cir. 1998)). We reasoned that such a limited construction was necessary to ensure that the judiciary not be forced to police prosecutors or become overly-involved in executive and investigative functions. Id. at 216. In both of those instances, the departure at issue was sought under Section 5K1.1.

However, we acknowledged that other courts have recognized a third category of cases in which a downward departure for substantial assistance is possible under Section 5K2.0 in the absence of a Government motion. We explained:

> Some cases have found that a departure is permitted under § 5K2.0 in the absence of a government motion for substantial assistance to branches of government other than those that engage in prosecutorial activities when the assistance does not involve "the investigation or prosecution of another person who has committed an offense." See, e.g., United States v. Sanchez, 927 F.2d 1092, 1093-94 (9th Cir. 1991) (assistance in the prosecution of a civil forfeiture case); United States v. Khan, 920 F.2d 1100, 1107 (2d Cir. 1990) (assistance in rescuing an informant kidnapped by foreign drug dealers); United States v. Stoffberg, 782 F.Supp. 17, 19 (E.D.N.Y. 1992) (assistance

6

to a congressional committee).

Abuhouran, 161 F.3d at 212 n.5. Although we acknowledged this line of cases, we declined to address the merits of the cases because the defendant in the case before us on appeal had provided assistance "to the executive branch in furtherance of its law enforcement responsibilities." Id. (citation omitted). Nonetheless, we declined to foreclose this third exception, stating that Section 5K2.0 departures are permissible where the Government has acted with an unconstitutional motive, in bad faith with regard to a plea agreement, "and possibly those [cases] in which the assistance is not of the sort covered by § 5K1.1." Id. at 214. Because the defendant in Abuhouran did not qualify for any of the exceptions and he conceded that his assistance involved purely criminal investigations and prosecutions, we concluded that he was not eligible for a departure under Section 5K2.0.

Section 5K1.1 provides that, "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." U.S. Sentencing Guidelines Manual § 5K1.1. The bare text of Section 5K1.1 is thus silent as to what type or types of assistance it includes. In the instant case, Jones posits a sharp demarcation between assistance in connection with a criminal matter, the realm of Section 5K1.1, and assistance in connection with a civil matter, which he contends is cognizable only under Section 5K2.0.

Jones would have us limit Section 5K1.1 to assistance in criminal investigations. Application Note 1 provides that "substantial assistance in the investigation or prosecution of another person who has committed an offense may justify a sentence below a statutorily required minimum sentence," while Application Note 2 explains that "[s]ubstantial assistance is directed to the investigation and prosecution of criminal activities by persons other than the defendant." U.S. Sentencing Guidelines Manual § 5K1.1, cmt. nn. 1, 2. Also, the Background note refers to assistance in criminal investigations, stating that "[a] defendant's assistance to authorities in the investigation of criminal activities has been recognized in practice and by statute as a mitigating sentencing factor." Id. at cmt. background. None of the commentary is preclusive of assistance beyond that to the criminal investigators. In fact, a portion of the Background note suggests a broader scope, as it states that, "[t]he nature, extent, and significance of assistance can involve a broad spectrum of conduct that must be evaluated by the court on an individual basis." Id. Jones' argument that the only assistance that can be considered under Section 5K1.1 is to investigation of a person's criminal activities is unpersuasive. After all, what is at issue are Sentencing Guidelines, applicable only to sentencing for "criminal activities."

7

Jones calls our attention to case law from the Courts of Appeals for the Second, Ninth, and Sixth Circuits supporting the conclusion that Section 5K2.0 encompasses assistance that was not provided in the investigation or prosecution of another person even though it trenched on an underlying criminal matter. In United States v. Khan, 920 F.2d 1100 (2d Cir. 1990), cert. denied, 499 U.S. 969 (1991), the court stated that a departure under Section 5K2.0, without a Government motion, might be appropriate where the defendant saved the life of a kidnapped confidential informant because the Sentencing Guidelines did not readily provide a basis to account for such heroic efforts. Id. at 1107. The court stated that a Section 5K2.0 departure may be available:

> where the defendant offers information regarding actions [the defendant] took, which could not be used by the government to prosecute other individuals (rendering § 5K1.1 inapplicable), but which could be construed as a "mitigating circumstance" for purposes of § 5K2.0. See Guidelines § 5K1.1, Commentary, Application Note 2 ("Substantial assistance is directed to the investigation and prosecution of criminal activities by persons other than the defendant").

Khan, 920 F.2d at 1107. The court did not actually decide the departure should have been granted because the defendant had waived this argument by failing to alert the district court at sentencing of these activities. Shortly thereafter, the same court clarified its discussion in Khan by stating that Khan limited this exception to "assistance to the Government other than the supplying of information relevant to the prosecution of other individuals, e.g., assistance by the defendant that allegedly saved the life of a Government agent." United States v. Agu, 949 F.2d 63, 67 (2d Cir. 1991).

In United States v. Sanchez, 927 F.2d 1092 (9th Cir. 1991) (per curiam), the Court of Appeals for the Ninth Circuit held that assistance provided in a civil forfeiture proceeding was not "substantial assistance" within the meaning of Section 5K1.1. Although the defendant argued that the district court had declined to grant a Section 5K2.0 motion based on its belief that it lacked the authority to do so without a Government motion in support thereof, the court found no indication in the record that the sentencing judge believed a downward departure under Section 5K2.0 was impermissible and thus affirmed the decision without clearly stating that assistance in civil forfeitures actions could be grounds for a Section 5K2.0 departure. Id. at 1093-94. We need not express our view of the holdings in these cases because they do not discuss the situation in Jones' case, where the investigation in which he provided assistance was both criminal and civil.

Jones relies heavily on <u>United States v. Truman</u>, 304 F.3d 586 (6th Cir. 2002), which did not arise under the joint or sequential investigation scenario. The defendant in <u>Truman</u>, who had been caught attempting to sell drugs he stole from the pharmaceutical laboratory where he worked, assisted the Government in exposing security lapses at the laboratory. Drug Enforcement Agency (DEA) agents shared this information with the laboratory, which then corrected and upgraded its security procedures based on the defendant's identification of risk areas. The defendant highlighted his significant assistance to DEA investigators in their effort to upgrade the lab's security procedures as grounds for departure. Critically, he moved for a departure under Section 5K2.0, rather than Section 5K1.1, which would have required a Government motion.

The district court concluded that, absent a motion from the Government to depart, it lacked the discretion to grant defendant a downward departure for "assistance offered by a defendant which did not result in the investigation or prosecution of another individual." <u>Id.</u> at 587. The Court of Appeals for the Sixth Circuit vacated and reversed the district court decision, reasoning that Section 5K1.1 applies only to substantial assistance for "the investigation and prosecution of another individual who has committed a crime," based on Section 5K1.1's commentary and description of assistance in "criminal" matters. <u>Id.</u> at 590. The court thus concluded that if a

defendant substantially assisted in proceedings "other than [those] toward the prosecution of another person," Section 5K1.1 and its requirement of a Government motion do not apply. <u>Id.</u> The Sixth Circuit also stated that a Section 5K2.0 departure may have been warranted, apart from the acceptance of responsibility departure that he received, because the defendant's cooperation in developing "prophylactic measures" to prevent future lab thefts had "extend[ed] beyond the garden variety acceptance of responsibility and thus was either not taken into account by the Guidelines or was accounted for in the Guidelines but was present in this case to an exceptional degree." <u>Id.</u> at 592. The court thus clarified that on remand, the district court was not bound by Section 5K1.1 and could determine if a Section 5K2.0 departure was, in fact, appropriate. <u>Id.</u>

Jones contends that his case is analogous to the <u>Truman</u> case where the defendant's assistance did not lead to the investigation or prosecution of any party for criminal matters. In fact, Jones' case is distinguishable from <u>Truman</u> because it does not appear that the laboratory in <u>Truman</u> was the subject of a criminal investigation. The DEA was interested in preventing other potential wrongdoers from defeating the lab's security systems in the future, and it was in that connection that Truman offered assistance. By contrast, here Jones alleges that IRL had "broken some laws and would be subject to some kind of p[ro]secution for that." App. at 45a. It is in that connection,

9

clearly covered by Section 5K1.1, that Jones proffered his assistance.

At sentencing, the Assistant United States Attorney conceded that Jones provided some assistance but stated that it could not be corroborated and therefore did not lead to any action by the Government. App. at 80a. An FBI agent testified at sentencing to the same effect. He stated that Jones wore a wire as requested, and that he did what he said he would do but the information provided was not helpful.

The District Court declined to exercise its discretion to grant a downward departure. The court stated:

> [T]here is no claim of unconstitutional motive or discrimination or bad faith on the part of the Government.
>
> I think to the extent that the defendant has cooperated, that should be taken care of and the defendant should be credited within the sentencing guidelines for his cooperation with the SEC and all the other efforts that have been outlined here.

App. at 74a.

On appeal, the Government argues that cooperation in a civil suit related to the criminal prosecution does not constitute the type of extraordinary factor contemplated by Section 5K2.0 or <u>Koon</u>. This is not a situation as presented in <u>Truman</u> where the assistance given by the defendant was unrelated to any prospective investigation into criminal actions by a person other than the defendant. In this case, although the assistance which Jones relies on was to the SEC it was, in fact, related to a criminal investigation.

As the Government emphasizes, Jones assisted both the SEC and the FBI in connection with a criminal investigation into fraud and securities violations. The Government points out that Jones' own motion for a downward departure described his assistance to the SEC as based on his belief that IRL had "broken some laws" and committed "offenses" based on "inaccuracies and misappropriations" in financial statements and that a corporate officer had been "embezzling" funds. App. at 45a, 103a. The Government contends that these allegations could only be construed as "allegations of crimes." Gov't Br. at 39.

Lastly, the Government contends that we have previously interpreted Section 5K1.1 to encompass assistance to all "authorities." Gov't Br. at 49. The Government relies upon <u>United States v. Love</u>, 985 F.2d 732 (3d Cir. 1993), in which we held that Section 5K1.1 applied to both federal and state authorities because nothing in "§ 5K1.1 or in the accompanying commentary [suggests] that the Commission meant to limit 'assistance

to authorities' to assistance to federal authorities." Id. at 734. In the same vein, the Government highlights a district court decision from Virginia in which that court rejected a defendant's motion for a downward departure under Section 5K2.0 based on his assistance to the SEC and foreign authorities. The court found that while those agencies were not involved in prosecuting offenses, the Sentencing Commission likely assumed that Section 5K1.1 would encompass cooperation with "a variety of government organizations," including the SEC. United States v. Dowdell, 272 F.Supp. 2d 583, 594 (W.D.Va. 2003), reconsideration granted in part on other grounds, 2003 WL 22439643 (W.D.Va. Oct. 28, 2003).

Jones does not dispute that the SEC may qualify as an authority to which substantial assistance can be provided in criminal investigations, nor that the list of authorities may be expanded beyond the federal government; instead, he argues that he assisted the SEC in pursuing a civil investigation, a circumstance not contemplated by Love or Dowdell.

Jones can hardly argue that the SEC's investigation was unrelated to the potential criminal action. At sentencing, Jones' lawyer stated not once but twice that Jones' assistance to the two government investigations was sequential. He stated that Jones bought the copy machine "so that he could copy the documents and get them to the FBI and later to the Securities and Exchange Commission as part of the investigation

against this company [IRL]." App. at 31a. Again, he stated,

And – and, in fact, Judge, as you read through the lines here, his cooperation with the FBI and later with the Securities and Exchange Commission, again, thousands and thousands of boxes of documents, he copies for the SEC in their investigations.

App. at 31a. Jones himself stated similarly at sentencing:

Following the work with Special Agent Cosgraf and the FBI, it was immediately followed by the Securities and Exchange Commission with a subpoena from them, which required photocopies of an extreme amount of documentation that was in – in my files. There was – there was probably well over – you know – two transfer files full, that was – that was photocopied.

App. at 46a.

In light of Jones' position in the District Court, we need not remand for any factual findings as to the relatedness of the FBI and SEC investigations because the record of such relatedness is clear. The fact that the FBI discontinued its

11

investigation while Jones continued his assistance to the SEC does not negate the interconnection between the investigations by both Government authorities. For example, had the SEC investigation ultimately uncovered criminal acts by IRL, there can be no doubt that those facts would have been transmitted to the FBI for its consideration for future prosecution.

The presentence report recommended that Jones' cooperation be taken into account under U.S. Sentencing Guideline Section 3E1.1 providing that a district court may decrease a defendant's offense level "[i]f the defendant clearly demonstrates acceptance of responsibility for his [or her] offense," which may be demonstrated by, inter alia, "voluntary assistance to authorities in the recovery of the fruits and instrumentalities of the offense." U.S. Sentencing Guidelines Manual § 3E1.1 & cmt. n.1(e). The District Court stated that it was doing so. See App. at 74a (District Court stating, "I think to the extent that the defendant has cooperated, that should be taken care of and the defendant should be credited within the sentencing guidelines for his cooperation with the SEC and all the other efforts that have been outlined []"); App. at 89a (District Court stating that Jones "undertook efforts to cooperate with the Government and provided reliable and truthful information, however, it was not significant enough to earn a 5K1[.1] departure. Nevertheless, [] he should be credited with that – with that effort").

Under Koon, a factor that fits within the heartland of a separate Guideline provision cannot be the basis of a departure under Section 5K2.0. Although substantial assistance in civil matters may be recognized under Section 5K2.0, we need not decide that issue under the facts of this case. Because Jones' cooperation fell within Section 5K1.1 (had the assistance been sufficiently substantial to warrant the Government's motion to depart) and Section 3E1.1, it was not appropriate for consideration under Section 5K2.0. We reject Jones' contention that the District Court erred as a matter of law in denying his motion for departure under Section 5K2.0.

**III.**

For the reasons set forth above, we will affirm the judgment of the District Court.