**UNITED STATES of America**

v.

**Hitham ABUHOURAN a/k/a Steve HOURAN, Appellant.**

No. 97–1662.

United States Court of Appeals, Third Circuit.

Argued Oct. 7, 1998.

Decided Nov. 19, 1998.

Alan J. Chaset (Argued), Alexandria, VA, for Appellant.

Michael R. Stiles, United States Attorney, Walter S. Batty, Jr., Assistant United States Attorney, Chief of Appeals, Robert A. Zauzmer (Argued), Assistant United States Attorney, Philadelphia, PA, for Appellee.

Before: BECKER, Chief Judge, NYGAARD and NOONAN,[*] Circuit Judges.

## OPINION OF THE COURT

BECKER, Chief Judge.

This appeal by Hitham Abuhouran requires us to consider whether, in the wake of *Koon v. United States*, 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), Sentencing Guideline § 5K2.0 gives a district court the authority to grant a defendant a downward departure from the Guidelines range on the ground that he offered substantial assistance

[*] Honorable John T. Noonan, Jr., United States Circuit Judge for the Ninth Circuit, sitting by designation.

to the government even though the government has not moved for such a departure under Sentencing Guideline § 5K1.1. The Court of Appeals for the D.C. Circuit recently held that, in light of *Koon*, a district court does have such authority. *In re Sealed Case (Sentencing Guidelines' "Substantial Assistance")*, 149 F.3d 1198 (D.C.Cir.1998), *rehg. granted*, 159 F.3d 1362 (D.C.Cir.1998). Although we have previously ruled that a district court has no such authority, *see United States v. Higgins*, 967 F.2d 841, 845 (3d Cir.1992), we must address this question anew because of the sea change in the departure area effected by *Koon*. For reasons explained below—including *Koon* and the practical and policy problems inherent in implementing Abuhouran's proposal—we hold that a district court has no authority to make such a departure except in certain limited circumstances not present here. Accordingly, we will affirm the judgment of the district court, which imposed sentence upon Abuhouran without so departing.[1]

### I

The case arises out of Abuhouran's plea of guilty to an indictment charging various crimes emanating from a complicated bank fraud. Abuhouran and his codefendants were charged in a fifty-seven count indictment. This indictment centered around the defendants' fraudulent activities leading to the collapse of the Bank of the Brandywine Valley. Abuhouran was charged in twenty-seven counts; on the eve of trial he pled guilty to all counts.[2] He was sentenced to a term of imprisonment of 188 months, in addition to other sanctions. Since the issue before us relates only to events occurring after Abuhouran pled guilty, we need not detail the facts underlying the indictment. We will,

however, briefly summarize the plea agreement and subsequent relevant events.

Abuhouran pled guilty pursuant to a plea agreement in which he agreed to cooperate fully and truthfully with the government. He also acknowledged that:

> [I]f the government determines that the defendant has not provided full and truthful cooperation, or has committed any federal, state, or local crime between the date of this agreement and his sentencing, or has otherwise violated any other provision of this agreement, the agreement may be voided by the government. . . .

App. at 28. The government, in turn, agreed to:

> Make a motion to allow the Court to depart from the Sentencing Guidelines pursuant to Sentencing Guidelines § 5K1.1 . . . if the government, in its sole discretion, determines that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense.

App. at 29. Abuhouran then began to provide the government with a wide variety of information concerning matters ranging from alleged public corruption to international terrorism.

At sentencing, the government refused to move for a downward departure for substantial assistance under § 5K1.1. It declined because it concluded that during the period Abuhouran was allegedly *cooperating* with the government he had been engaged in continuing criminal activity. Furthermore, the government determined that, in the course of his alleged cooperation with the authorities, Abuhouran had lied repeatedly. The government therefore considered Abuhouran in breach of the plea agreement, and it refused

---

1. Abuhouran also challenges the district court's grant of the government's request for a sentence enhancement for obstruction of justice under Sentencing Guideline § 3C1.1. The government's motion was based on the fact that virtually every statement Abuhouran made in a financial disclosure submitted to the probation officer during the presentence investigation was false. Abuhouran challenges the district court's conclusion that the statements were material and willfully made. We find no grounds for revisiting the district court's conclusion on this point.

2. Abuhouran was charged with the following: continuing financial crimes enterprise, 18 U.S.C. § 225; bank fraud, 18 U.S.C. § 1344; money laundering, 18 U.S.C. § 1956(a)(1); interstate transportation of stolen property, 18 U.S.C. § 2314; conspiracy to commit perjury and to make false statements to a bank, 18 U.S.C. § 371; conspiracy to commit money laundering and to transport stolen property in interstate commerce, 18 U.S.C § 371; and perjury, 18 U.S.C. § 1623. He was also named in a forfeiture count under 18 U.S.C. § 982.

to submit a § 5K1.1 motion. The district court denied Abuhouran's request that it compel the government to submit such a motion. *United States v. Abuhouran,* No. Crim. 95 560–1, 1997 WL 299366 (E.D.Pa. May 28, 1997).

Abuhouran then moved for a downward departure under § 5K2.0, the general departure provision of the Guidelines, based on his alleged substantial assistance to the government. The government opposed this motion, and the district court denied it, *United States v. Abuhouran,* 972 F.Supp. 326, 327 (E.D.Pa. 1997). The court first noted that, under our decision in *United States v. Higgins,* 967 F.2d 841 (3d Cir.1992), which interpreted *Wade v. United States,* 504 U.S. 181, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992), district courts have no authority, in the absence of either a government motion or extraordinary circumstances, to depart downward on the basis of substantial assistance under either § 5K1.1 or § 5K2.0. 972 F.Supp. at 327. The court also rejected Abuhouran's argument that he was entitled to a § 5K2.0 departure because his assistance did not fall within the core of § 5K1.1. It reached this conclusion because the assistance was "provided to the executive branch in the furtherance of its law enforcement duties," not to some other branch of government for a different purpose. 972 F.Supp. at 327 n. 3.

■ Abuhouran timely appealed from the judgment. The district court properly exercised jurisdiction over the matter under 18 U.S.C. § 3231. We exercise appellate jurisdiction over the final judgment of the district court under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We review a district court's decisions concerning departures from the Sentencing Guidelines for abuse of discretion. *United States v. Sally,* 116 F.3d 76, 78 (3d Cir.1997). To the extent that this case presents a legal question of the scope of the authority granted to district courts under the Sentencing Guidelines we need not defer to the district court's conclusion, and we will review its holding for legal error. *Koon,* 518 U.S. at 100, 116 S.Ct. 2035 ("[W]hether a

factor is a permissible basis for departure under any circumstances is a question of law, and the court of appeals need not defer to the district court's resolution of the point.... A district court by definition abuses its discretion when it makes an error of law." (citations omitted)).

## II

### A

■ We turn to the central issue in this case: Abuhouran's contention that a district court has the authority, under Sentencing Guideline § 5K2.0, to grant a defendant a downward departure based on his substantial assistance to the government in the absence of a government motion under § 5K1.1. Under § 5K2.0, a district court "may impose a sentence outside the range established by the applicable guidelines" in exceptional cases. U.S.S.G. § 5K2.0. "The Guidelines ... 'place essentially no limit on the number of potential factors that may warrant departure.'" *Koon,* 518 U.S. at 106, 116 S.Ct. 2035 (quoting *Burns v. United States,* 501 U.S. 129, 136–37, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991)). Under § 5K1.1, a district court may depart from the Guidelines "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense." U.S.S.G. § 5K1.1. We begin by explaining how the court in *In re Sealed Case (Sentencing Guidelines' "Substantial Assistance"),* 149 F.3d 1198 (D.C.Cir.1998), *rehg. granted,* 159 F.3d 1362 (D.C.Cir.1998), reached the conclusion that a district court has the authority, under Sentencing Guideline § 5K2.0, to grant a defendant a downward departure from the applicable guideline range for substantial assistance in the absence of a motion by the government. 149 F.3d at 1204.[3]

The court began by exploring the Supreme Court's decision in *Koon.* It first noted that *Koon* divided the universe of possible departure factors into four parts: forbidden, encouraged, discouraged/mentioned, and un-

---

**3.** We cannot restate the facts of *Sealed Case* because they are not, by reason of the sealing order, set forth in the court's opinion.

mentioned factors. 149 F.3d at 1202 (citing *Koon,* 518 U.S. at 93, 96, 116 S.Ct. 2035). The court initially observed that substantial assistance is not a prohibited factor. It then distinguished between the Guidelines' treatment of substantial assistance with and without a government motion, concluding that, simply because substantial assistance with a motion is an encouraged factor does not mean that substantial assistance without a motion is a discouraged factor. It reasoned that, although § 5K1.1 covers substantial assistance with a motion, " § 5K1.1 . . . cannot be viewed as adequate consideration of substantial assistance without a government motion." 149 F.3d at 1204. The court observed that the Guidelines' enabling legislation, 28 U.S.C. § 994(n), "explicitly directed the Commission to assure that the guidelines reflect the general appropriateness of lesser sentences for defendants who substantially assist the prosecution." 149 F.3d at 1204. Because § 5K1.1 only takes into account substantial assistance with a motion, the court concluded that, under *Koon,* substantial assistance without a motion is an unmentioned factor. Therefore, the court reasoned, it should be considered in determining whether a case falls outside "the relevant guideline heartland," and thus may be the basis for a downward departure under § 5K2.0. 149 F.3d at 1204.

Although we do not quarrel with the *Sealed Case* court's explication of *Koon,* we cannot agree with its application of the resulting rules to the present issue. As we set out in further detail below, we think that the court misapplied *Koon.* Substantial assistance to the government is taken into account in Sentencing Guideline § 5K1.1, and therefore must be considered as a factor mentioned in the Guidelines and not as an unmentioned factor. We also believe that the *Sealed Case* court went astray when it failed to consider the substantial policy considerations bearing on this issue, which themselves inform our construction of the Guidelines.

### B

### 1

Sentencing Guideline § 5K2.0 provides that:

Under § 18 U.S.C. § 3553(b) the sentencing court may impose a sentence outside the range established by the applicable guideline, if the court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." . . . The court may depart from the guidelines, even though the reason for departure is taken into consideration in the guidelines (*e.g.,* as a specific offense characteristic or other adjustment), if the court determines that, in light of unusual circumstances, the weight attached to that factor under the guidelines is inadequate or excessive.

. . . .

[A]n offender characteristic or other circumstance that is in the Commission's view "not ordinarily relevant" in determining whether a sentence should be outside the applicable guideline range may be relevant to this determination if such characteristic or circumstance is present to an unusual degree and distinguishes the case from the "heartland" cases covered by the guidelines.

U.S.S.G § 5K2.0.

In *Koon,* the Supreme Court explained the breadth of this provision. "The Guidelines . . . 'place essentially no limit on the number of potential factors that may warrant departures.' " *Koon,* 518 U.S. at 106, 116 S.Ct. 2035 (quoting *Burns,* 501 U.S. at 136–37, 111 S.Ct. 2182). The Court laid out the following four rules for applying § 5K2.0:

■ If the special factor is a forbidden factor, the sentencing court cannot use it as a basis for departure. [2] If the special factor is an encouraged factor, the court is authorized to depart if the applicable guideline does not already take it into account. [3] If the special factor is a discouraged factor, or an encouraged factor already taken into account by the applicable guideline, the court should depart only if the factor is present to an exceptional degree or in some other way makes the

case different from the ordinary case where the factor is present. [4] If a factor is unmentioned in the guidelines, the court must, after considering the "structure and theory of both relevant individual guidelines and the Guidelines taken as a whole," decide whether it is sufficient to take the case out of the Guideline's heartland.

*Koon,* 518 U.S. at 95–96, 116 S.Ct. 2035 (citations omitted) (quoting *United States v. Rivera,* 994 F.2d 942, 949 (1st Cir.1993)); *see also United States v. Baird,* 109 F.3d 856, 870–71 (3d Cir.) (restating the *Koon* rules), *cert. denied,* —— U.S. ——, 118 S.Ct. 243, 139 L.Ed.2d 173 (1997).

■ As can be seen from our summary of the reasoning in *Sealed Case,* the third and fourth *Koon* categories are of particular relevance here. First, a district court has authority to depart based on an encouraged factor mentioned in the Guidelines only when that factor is present to such a degree as to make the case "different from the ordinary case where the factor is present." *Koon,* 518 U.S. at 96, 116 S.Ct. 2035, and a district court can depart only when the proposed factor is present to such an extent that the "heartland" of the Guideline which mentions it does not adequately take it into account. U.S.S.G. § 5K2.0.

■ Second, the Guidelines permit a departure for a factor not otherwise taken into account by the Guidelines when the factor "is present to an unusual degree and distinguishes the case from the 'heartland' cases covered by the guidelines." U.S.S.G. § 5K2.0; *see also Koon,* 518 U.S. at 96, 116 S.Ct. 2035 ("If a factor is unmentioned in the guidelines, the court must after considering the 'structure and theory of both relevant individual guidelines and the Guidelines taken as a whole,' decide whether it is sufficient to take the case out of the Guidelines' heartland."). A factor is unmentioned when it has no equivalent in the Guidelines. *See Sealed Case,* 149 F.3d at 1203 (relying on *Koon,* 518 U.S. at 110, 116 S.Ct. 2035) ("Where ... the factor has no [semantic or practical] equivalent or substitute in the Guidelines and no mentioned factor encompasses it, that factor [is unmentioned]."). We have frequently observed that the occasions on which an un-

mentioned factor is present to a degree sufficient to justify a departure will be " 'highly infrequent.' " *See, e.g., United States v. Nolan–Cooper,* 155 F.3d 221, 244 (3d Cir.1998) (quoting *Koon,* 518 U.S. at 96, 116 S.Ct. 2035); *United States v. Romualdi,* 101 F.3d 971, 977 (3d Cir.1996) (same).

2

Under Sentencing Guideline § 5K1.1, "upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, a court may depart from the guidelines." U.S.S.G. § 5K1.1. The Sentencing Commission adopted this provision to ensure, as required by Congress, that a defendant's substantial assistance could be taken into account in determining an appropriate sentence. § 5K1.1 app. Note 1; *see* 28 U.S.C. § 994(n) ("The Commission shall assure that the guidelines reflect the general appropriateness of imposing a lower sentence than would otherwise be imposed ... to take into account a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense."). The Commission drew on the provision Congress itself enacted allowing courts to sentence below statutory mandatory minima based on substantial assistance if the government so moves. U.S.S.G. § 5K1.1 app. note 1; *see also* 18 U.S.C. § 3553(e) ("Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense.").

■ It is clear under the jurisprudence that § 5K1.1 strictly limits the circumstances in which a district court can grant a departure for substantial assistance. Facially, a court can depart downward only if the government offers a motion under § 5K1.1. But in certain extraordinary circumstances, we have recognized that a court can depart under § 5K1.1 even if the government refuses

to offer a motion.[4] First, "federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive." *Wade v. United States*, 504 U.S. 181, 185–86, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992); *see also United States v. Paramo*, 998 F.2d 1212, 1219 (3d Cir.1993); *United States v. Higgins*, 967 F.2d 841, 845 (3d Cir.1992). Such an unconstitutional motive exists when the government's decision is based on the defendant's race, religion or gender. *Wade*, 504 U.S. at 186, 112 S.Ct. 1840. The government also acts from an "unconstitutional motive" when its "refusal to move was not rationally related to any legitimate Government end." 504 U.S. at 186, 112 S.Ct. 1840 (citations omitted). For instance, a court may grant a downward departure when the government refuses to offer a motion in order to penalize the defendant for exercising his constitutional rights. *Paramo*, 998 F.2d at 1219–21 (prosecutor cannot refuse to file § 5K1.1 motion in order to punish

defendant for exercising his right to trial by jury).

We have also recognized a second category of cases in which a district court can grant a downward departure in the absence of a government motion. As in the case before us, the government frequently will agree as part of a plea agreement to consider whether to offer a § 5K1.1 motion. In such a case, even if the government reserves "sole discretion" to determine whether to offer a motion, a district court has authority to depart downward for substantial assistance when the government's refusal to offer a motion is "attributable to bad faith." *United States v. Isaac*, 141 F.3d 477, 484 (3d Cir. 1998). This exception derives from contract law. *See Isaac*, 141 F.3d at 483 (citing Restatement (Second) of Contracts § 205). Contract law principles apply because, without them, the defendant would be deprived of the benefit of his plea bargain and his plea would be involuntary. *See Isaac*, 141 F.3d at 483 (citing *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971)).[5]

---

**4.** Abuhouran moved for a departure based on these § 5K1.1 exceptions in the district court. Since the court rejected his request, *United States v. Abuhouran*, No.Crim. 95–560–1, 1997 WL 299366 (E.D.Pa. May 28, 1997), and he has not addressed this issue before us, we need not consider the applicability of these exceptions to this case. *See Southwestern Pa. Growth Alliance v. Browner*, 121 F.3d 106, 122 (3d Cir.1997).

**5.** Other courts have recognized a third, extremely limited category of cases in which a downward departure for substantial assistance is possible in the absence of a government motion. Section 5K1.1 is limited by its terms to cases involving "substantial assistance *in the investigation or prosecution of another person who has committed an offense.*" U.S.S.G. § 5K1.1 (emphasis added). Some cases have found that a departure is permitted under § 5K2.0 in the absence of a government motion for substantial assistance to branches of government other than those that engage in prosecutorial activities when the assistance does not involve "the investigation or prosecution of another person who has committed an offense." *See, e.g., United States v. Sanchez*, 927 F.2d 1092, 1093–94 (9th Cir.1991) (assistance in the prosecution of a civil forfeiture case); *United States v. Khan*, 920 F.2d 1100, 1107 (2d Cir.1990) (assistance in rescuing an informant kidnapped by foreign drug dealers); *United States v. Stoffberg*, 782 F.Supp. 17, 19 (E.D.N.Y.1992) (assistance to a congressional committee).

Abuhouran also refers us to *United States v. Garcia*, 926 F.2d 125 (2d Cir.1991), in which the court held that a sentencing court has authority to grant a downward departure for substantial assistance if the assistance "facilitates the proper administration of justice." The court found possible substantial assistance in the defendant's entry of a guilty plea, which led other defendants to plead guilty, thereby conserving substantial resources of the court. As the government notes, other courts of appeals have rejected this reasoning. *See, e.g., United States v. Dorsey*, 61 F.3d 260, 262–63 (4th Cir.1995), *cert. denied*, —— U.S. ——, 116 S.Ct. 732, 133 L.Ed.2d 682 (1996); *United States v. Shrewsberry*, 980 F.2d 1296, 1298 (9th Cir.1992); *cf. United States v. Love*, 985 F.2d 732 (3d Cir.1993) (holding that § 5K1.1 and *Wade* govern substantial assistance to state and local, as well as federal, law enforcement authorities).

We need not address whether these grounds for departure are valid in the courts of this circuit. The district court concluded that it did not need to decide that issue "[b]ecause Houran's assistance was provided to the executive branch in furtherance of its law enforcement responsibilities." *Abuhouran*, 972 F.Supp. at 327 n. 3. Since we perceive no clear error in the district court's conclusion, we need not decide whether the rule of these cases governs in the courts of the Third Circuit.

C

As we have just stated, § 5K1.1 allows a district court to consider a downward departure for substantial assistance in certain limited circumstances. In this section, we consider whether § 5K2.0, as interpreted in *Koon,* gives a district court any additional authority to consider a downward departure for substantial assistance. For the reasons presently set forth, we think that a district court has no more authority to depart under § 5K2.0 than it already has under § 5K1.1.

Abuhouran submits that the Guidelines do not mention substantial assistance without a government motion as a sentencing factor. He thus concludes that a sentencing court has the power to grant a downward departure on that basis under the fourth of the *Koon* rules: "If a factor is unmentioned in the guidelines, the court must after considering the 'structure and theory of both relevant individual guidelines and the Guidelines taken as a whole,' decide whether it is sufficient to take the case out of the Guideline's heartland." 518 U.S. at 96, 116 S.Ct. at 2045 (citation omitted) (quoting *Rivera,* 994 F.2d at 949). But the existence *vel non* of a government motion concerning assistance, contrary to the court's assumption in *Sealed Case,* 149 F.3d at 1202, is not a sentencing factor. A sentencing factor is a relevant offense or offender characteristic. *See* U.S.S.G. § 1A1.2 ("The [enabling] Act contains detailed instructions as to how [the Guidelines] should be made, the most important of which directs the Commission to create categories of offense behavior and offender characteristics."); 28 U.S.C. § 994(c), (d) (noting particular factors for the Sentencing Commission to consider in determining categories of offenses and offenders); *cf. United States v. Haut,* 107 F.3d 213 (3d Cir.) (find-

ing that credibility assessment is not an appropriate sentencing factor on which to base a downward departure), *cert. denied,* —— U.S. ——, 118 S.Ct. 130, 139 L.Ed.2d 80 (1997). The requirement of a government motion under § 5K1.1 is a *condition* limiting a court's authority to grant a defendant a substantial assistance departure. *Wade,* 504 U.S. at 185, 112 S.Ct. 1840 ("[I]n ... § 5K1.1, the condition limiting the court's authority gives the Government a power, not a duty, to file a motion when a defendant has substantially assisted."). Such a condition is relevant to neither offense nor offender characteristics, and simply cannot be described as a "sentencing factor." Thus, it is not something that can be taken into account under the fourth rule of *Koon.*

Rather, the factor Abuhouran is proposing the district court should take into account under § 5K2.0 is his alleged substantial assistance to the government. But this proposed factor has already been taken into account in the Sentencing Guidelines. As Congress required, *see* 28 U.S.C. § 994(n), the Sentencing Commission provided in the Guidelines for the possibility of a decreased sentence based on a defendant's cooperation with and assistance to the government. *See* U.S.S.G. § 5K1.1. The Application Notes refer to this provision as *"The* sentencing reduction for substantial assistance." § 5K1.1 app. note 2 (emphasis added). Substantial assistance is thus a factor that is "already taken into account" in the Sentencing Guidelines. *Koon,* 518 U.S. at 96, 116 S.Ct. 2035.

Therefore, a district court can consider substantial assistance outside of the explicit terms of § 5K1.1 only if a case falls outside of the "heartland" of cases implicating that provision.[6] A district court cannot consider a

---

6. The government argues that, because of § 5K1.1, substantial assistance without a motion is a prohibited factor under *Koon,* and a district court is barred from considering it. It bases this contention on an analogy to one of the Court's conclusions in *Koon* about a specific proposed basis for departure. In *Koon,* the Court held that the district court had no authority to depart based on the defendant's low likelihood of recidivism. 518 U.S. at 111, 116 S.Ct. 2035. The Court concluded that this was a prohibited basis for a departure because a low likelihood of recidivism had already been taken into account in the

Guidelines. 518 U.S. at 111, 116 S.Ct. 2035 ("The District Court abused its discretion by considering appellants' low likelihood of recidivism [since t]he Commission took that factor into account in formulating the criminal history category."). The government argues that substantial assistance is also prohibited as a basis for a departure under § 5K2.0 since it is already taken into account in § 5K1.1.

But the Court's reasoning in *Koon* undermines the government's argument here. The factor the *Koon* Court focused on was not simply men-

factor already taken into account in the Guidelines unless "the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present." *Koon*, 518 U.S. at 96, 116 S.Ct. 2035. To apply this rule to the issue before us, we must first identify where substantial assistance "is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present."

We believe that departures are permissible under § 5K2.0 for substantial assistance without a government motion only in those cases in which a departure is already permitted in the absence of a government motion under § 5K1.1. The heartland of § 5K1.1 is where the defendant substantially assists the government. We think that the only cases falling outside this heartland are those in which the government improperly—either because it has an unconstitutional motive or because it has acted in bad faith with regard to a plea agreement—refuses to offer a motion, and possibly those in which the assistance is not of the sort covered by § 5K1.1.

The cases involving prosecutorial misconduct fall outside of the heartland of § 5K1.1 because they involve extremely serious improprieties on the part of the prosecutor of the sort for which the courts traditionally have recognized the availability of a remedy. *See, e.g., Wade*, 504 U.S. at 185–86, 112 S.Ct. 1840 (recognizing availability of a remedy when prosecutor exercises his discretion improperly on the basis of race or religion); *Santobello*, 404 U.S. at 262, 92 S.Ct. 495 (recognizing possibility of providing a remedy for breach of a plea agreement). And § 5K1.1 does not encompass situations involving different kinds of substantial assistance simply because they are not within its express terms.[7]

We therefore conclude that the district courts have no more authority to grant substantial assistance departures under § 5K2.0 in the absence of a government motion than they do under § 5K1.1. The class of cases in which a district court can address substantial assistance without a government motion under § 5K2.0 is exactly the same as the class of exceptional cases under § 5K1.1 set out above.[8]

tioned in the Guidelines, but was categorically prohibited from being considered other than where it was mentioned. The Court noted that the defendants in *Koon* had been sentenced under Criminal History Category I. 518 U.S. at 111, 116 S.Ct. 2035. The Guidelines specifically prohibit a departure below Criminal History Category I on the basis of low risk of recidivism.

"[The provision allowing departures based on the adequacy of the criminal history determination] is not symmetrical. The lower limit of the range for Criminal History Category I is set for a first offender with the lowest risk of recidivism. Therefore, a departure below the lower limit of the guideline range for Criminal History Category I on the basis of the adequacy of criminal history cannot be appropriate."

*Koon*, 518 U.S. at 111, 116 S.Ct. 2035(quoting U.S.S.G. § 4A1.3). Here, by contrast, the Guidelines do not specifically preclude the possibility of a departure based on substantial assistance outside of § 5K1.1. Thus, contrary to the government's assertions, the Court's specific reasoning in *Koon* simply does not support the conclusion that substantial assistance without a government motion is a prohibited factor under § 5K2.0.

7. Abuhouran refers to a number of cases in which he contends that a departure of the sort he seeks under § 5K2.0 would be appropriate. For instance, he submits, citing *United States v. Anzalone*, 148 F.3d 940 (8th Cir.1998), that a departure might be appropriate if the government re-

fused to make a motion, even though he had admittedly substantially assisted the government, because he engaged in criminal conduct subsequent to his entry into a plea agreement. We would simply note that (a) *Anzalone* relies on the *Wade* exception to the § 5K1.1 government motion requirement and not § 5K2.0; (b) the reasoning in *Anzalone* is not entirely convincing, *see Anzalone*, 148 F.3d at 942–43 (Murphy, J., dissenting); and (c) the Court of Appeals for the Eighth Circuit granted rehearing in banc and vacated the panel's decision in *Anzalone* on September 22, 1998. In addition, it is not apparent to us how any of the hypotheticals Abuhouran posits, including *Anzalone*, present issues of a sufficiently serious nature to warrant an in-depth inquiry into prosecutorial decisionmaking.

8. Ultimately, we do not think it is significant whether a district court purports to be acting under § 5K1.1 or § 5K2.0 when considering a defendant's request, in the absence of a government motion, for a downward departure for substantial assistance to the government in law enforcement activities. So long as the court considers sufficiently whether the government has acted improperly under *Higgins* and *Isaac*, it has carried out its duty. If it has done that, the district court's failure to refer to one or the other of these provisions is immaterial and not a basis for further review.

Abuhouran argues that § 5K1.1 cannot be read to preclude a departure under § 5K2.0 because that would make it unique within the universe of the Guidelines. He argues first that no other aspect of the Guidelines contains a provision like the government motion requirement in § 5K1.1, which is unrelated to the nature and circumstances of the offense or the history and characteristics of the defendant. Second, he claims that no other provision is immune from the statutory departure provision, 18 U.S.C. § 3553(b). While his two submissions are correct, we think there are important considerations that distinguish § 5K1.1 from other Guidelines provisions in these ways.

The Commission's decision to require a government motion to permit a substantial assistance departure is easily explained. First, the government's evaluation of the defendant's conduct is particularly relevant in the context of alleged substantial assistance. *See* U.S.S.G. § 5K1.1 app. note 3 ("Substantial weight should be given to the government's evaluation of the extent of the defendant's assistance...."). The government is the party with easiest and most direct access to a complete picture of the nature and value of the defendant's assistance. Second, unlike any other factor, the Commission's authorizing statute specifically directs it to determine how best to take substantial assistance into account, *see* 28 U.S.C. § 994(n), and it has done so by requiring a government motion. Third, and relatedly, § 5K1.1 mirrors the government motion requirement in the statutory provision permitting sentencing below statutory minima for substantial assistance. *See* 18 U.S.C. § 3553(e). Finally, § 5K1.1 is included, not in the portion of the Guidelines which inform construction of the matrices that determine the Guideline range, but rather in the subpart of the Guidelines dealing with departures from that range. *See* U.S.S.G. pt. 5K ("Departures"). All of these reasons support the Commission's conclusion that, contrary to Abuhouran's arguments, substantial assistance is a unique consideration and should only provide a basis for a departure if the government moves for one.[9]

## D

Our conclusion based on precedent (and our interpretation of that precedent) is both informed and buttressed by the substantial practical and policy problems that would arise if we adopted the approach proposed by Abuhouran and adopted in *Sealed Case.* The key question, on which we requested the parties to supplement their briefs, is how the district courts would implement such a departure. Obviously, the court would need to inquire into the nature, credibility, and significance of the defendant's assistance. We conclude that in doing so a court would be drawn into inappropriate scrutiny of prosecutorial decisionmaking.

The government represents that, in order to carry out Abuhouran's proposal, the court would need to examine the government's prosecutorial and investigatory files thoroughly, including not only the information the defendant has provided, but also any information describing matters related thereto. The court would thus be forced to examine confidential information relating to ongoing investigations, and perhaps even classified information relating to international terrorism and national security, as in this case. The government argues that this would require an inquiry into ongoing prosecutorial and investigative decisions, an inquiry that the Supreme Court has found pre-

---

9. The government contends, in the alternative, that even if *Koon* does contradict *Wade,* we cannot follow it, because *Wade* is directly controlling Supreme Court precedent. The government notes that we have no authority to overrule directly controlling Supreme Court precedent, even if the reasoning of that precedent has been called into question by subsequent Supreme Court decisions. *Agostini v. Felton,* 521 U.S. 203, ——, 117 S.Ct. 1997, 2017, 138 L.Ed.2d 391 (1997) ("[I]f a precedent of [the Supreme] Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to [the Supreme] Court the prerogative of overruling its own decisions." (citation omitted)); *Maldonado v. Houstoun,* 157 F.3d 179, 190 (3d Cir.1998) (same); *United States v. Bishop,* 66 F.3d 569, 588 n. 28 (3d Cir.1995) (same). Because we do not think the implications of *Wade* with respect to § 5K2.0 are sufficiently clear—especially since *Wade* does not mention § 5K2.0 even once—and because we decide in favor of the government on other grounds, we need not address this contention.

sumptively inappropriate in the absence of unconstitutional conduct by the prosecutor. *See Wayte v. United States,* 470 U.S. 598, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985).

■ Abuhouran responds that the procedure for determining whether a defendant is entitled to a substantial assistance departure without a government motion under § 5K2.0 would be fairly simple, and would not substantially differ from that required in the consideration of any other proposed departure. In his submission, the defendant would have to show, through witnesses, a proffer or similar procedures, that his assistance was substantial and merited a downward departure even though it might not qualify for the government's motion. It would then be the responsibility of the government to demonstrate that the assistance was no different from any other cooperation for which the government has refused to offer a motion. Abuhouran concedes that "the government might have to be more forthcoming or descriptive of the criteria and processes associated with its decision to make the motion for substantial assistance."[10] By making this admission, we think Abuhouran gives away the game. The information with which the government would "have to be more forthcoming" is precisely the sort of confidential information concerning ongoing investigations that the government convincingly asserts it should not have to give up.

■ Given the substantial restrictions on judicial review of nonconstitutional challenges to prosecutorial decision making, we cannot require the government to disclose such information. The Supreme Court has repeatedly noted that courts are "properly hesitant to examine" prosecutorial decision making. *United States v. Armstrong,* 517 U.S. 456, 465, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996) (quoting *Wayte,* 470 U.S. at 608, 105 S.Ct. 1524). This deference "rests in part on an assessment of the relative competence of prosecutors and courts." *Armstrong,* 517 U.S. at 465, 116 S.Ct. 1480. In assessing the substantiality of a defendant's alleged assistance and determining

whether the government should offer a § 5K1.1 motion based upon it, a court would need to assess, *inter alia,* "the strength of the government's case, . . . the Government's enforcement priorities, and the case's relationship with the Government's overall enforcement plan." 517 U.S. at 465, 116 S.Ct. 1480. These factors "are not readily susceptible to the kind of analysis which courts are competent to undertake." 517 U.S. at 465, 116 S.Ct. 1480. "Examining the basis of a prosecution delays the criminal proceeding, threatens to chill law enforcement by subjecting the prosecutor's motives and decision making to outside inquiry, and may undermine prosecutorial effectiveness by revealing the Government's enforcement policy." 517 U.S. at 465, 116 S.Ct. 1480 (quoting *Wayte,* 470 U.S. at 607, 105 S.Ct. 1524).

Although *Armstrong* and *Wayte* focus on prosecutorial discretion in the context of alleged selective prosecution, we think the underlying principles apply equally in the context of the government's decision whether to offer a § 5K1.1 motion. In *Wade,* the Supreme Court recognized that there was "no reason why courts should treat a prosecutor's refusal to file a substantial-assistance motion differently from a prosecutor's other decisions." 504 U.S. at 185, 112 S.Ct. 1840 (citing *Wayte* ). This conclusion is amply supported by logic. The decision whether to offer a § 5K1.1 motion brings into play factors—including the nature of the government's case, the relevance of the defendant's assistance to that case and other cases, and the significance of the information within the context of those cases—similar to those cited in the selective-prosecution cases. *See Armstrong,* 517 U.S. at 465, 116 S.Ct. 1480. In addition, like the selective-prosecution cases, review of a prosecutor's decision whether to offer a § 5K1.1 motion would involve an examination of a prosecutor's actions not just in the case at bar but in other cases.

---

**10.** In fact, Abuhouran goes so far as to suggest that the government should be required routinely to file a statement of its reasons for not filing a

§ 5K1.1 motion. We reject this suggestion as unwarranted under the Guidelines.

Such inquiries into prosecutors' files and actions are only appropriate in the face of the kinds of serious improprieties found in the above-cited cases. A court should undertake such an inquiry only if a defendant can make a showing of the sort we have previously required in *Higgins* and *Isaac*. In sum, a district court has no authority to grant a downward departure under § 5K2.0 for substantial assistance, aside from that authority it has under § 5K1.1. A district court can only grant a downward departure for substantial assistance to the prosecution if the government makes a motion under § 5K1.1 or in the circumstances previously identified.

Because Abuhouran is not entitled to a downward departure for substantial assistance on any of the grounds we have mentioned, we are satisfied that the district court was correct in concluding that it had no authority to consider whether to grant Abuhouran a downward departure under Guideline § 5K2.0 based on his alleged substantial assistance. The judgment of the district court will therefore be affirmed.