UNITED STATES of America,

v.

Richard MARSHALL a/k/a Nobby
Richard Marshall, Appellant.

No. 01–1825.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) Jan. 16, 2002.

Filed Jan. 24, 2002.

Before RENDELL, FUENTES and
MAGILL,* Circuit Judges.

MEMORANDUM OPINION

RENDELL, Circuit Judge.

On December 19, 2000, Richard Marshall entered a plea of guilty to one count of conspiring to obstruct justice in violation of 18 U.S.C. § 1503. On March 16, 2001, Marshall was sentenced to 60 months imprisonment with a $5,000 fine and special assessment of $100, followed by three years of supervised release. Marshall's counsel filed a brief pursuant to *Anders v.*

* Honorable Frank J. Magill, United States Circuit Judge for the Eighth Circuit, sitting by

designation.

*California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), expressing his belief that Marshall could not raise any non-frivolous issues for our review, and directing us, as is required under Anders, to the two issues that he felt Marshall might raise on appeal.

First, counsel notes that since Marshall entered into a plea agreement with the government, he might challenge whether the plea was knowingly, voluntarily and willingly entered into. When Marshall changed his plea from not guilty to guilty, the District Court conducted an extensive colloquy with Marshall, ensuring that he understood the nature of the charges against him and the maximum sentence to which a guilty plea would subject him. The District Court also reviewed with Marshall each right that he was waiving by the entry of the guilty plea. At the end of the colloquy, the District Court was satisfied that Marshall was competent to enter a guilty plea, and that he did so voluntarily, that he understood the charges and the maximum possible penalty, and that he understood the legal rights that he was waiving.

Second, counsel noted that part of the motivation for entering into the plea agreement was a statement made by the government in the agreement, that, if it determined that Marshall had fulfilled all of the obligations of cooperation set forth in the plea agreement, it would move for a downward departure under Sentencing Guideline § 5K1.1. One of the obligations of cooperation was for Marshall to provide truthful, complete and accurate information and testimony at the trial of his co-conspirator. At trial, Marshall fulfilled his obligation during direct testimony, but during cross-examination he altered his story in material respects, and he persisted in the changes throughout redirect. As a result, the government declined to move for a downward departure. As counsel noted, even where the government includes provision for a motion for downward departure within a plea agreement, the court incorporates contract principles in its evaluation of the prosecutor's decision not to make the motion, but only if the decision was based on bad faith or an unconstitutional motive. *United States v. Abuhouran,* 161 F.3d 206, 211 (3d Cir. 1998). Here, no bad faith or unconstitutional motive has been alleged, and the record does not disclose any grounds for a finding of bad faith or an unconstitutional motive. Instead of the "complete and substantial assistance" Marshall's testimony was supposed to provide (Plea Agreement at 5b; App. at A 228), the changing of his story on cross-examination "repudiated the testimony he gave on direct examination. . . . [T]he effect of his actions was to jeopardize the Government's case." App. at A77. Further, the government tried to rehabilitate Marshall's testimony on redirect, and was unable to do so. *Id.*

As mentioned above, when counsel provided Marshall with the notice of withdrawal required under Anders, Marshall filed a pro se brief with this Court raising three additional issues: a challenge to counsel's effectiveness, a claim that his sentence was "illegally increased," and a challenge to the court's jurisdiction, apparently relying on principles drawn from *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and *Jones v. United States,* 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999).

 As a rule, we will not entertain ineffective assistance of counsel claims on direct appeal. See, e.g., *United States v. Rieger,* 942 F.2d 230, 235–36 (3d Cir.1991), and Marshall has raised no reason for us to make an exception to that rule. We likewise find his sentencing challenges without merit. On March 16, 2001, Mar-

598

shall was sentenced to 60 months imprisonment with a $5,000 fine and special assessment of $100, followed by three years of supervised release. The sentence was well below the statutory maximum sentence that was explained to him during the change of plea hearing—ten years imprisonment with a maximum fine of $250,000. With credit for acceptance of responsibility, the Guideline range for Marshall's offense was 57–71 months. The sentence the Court imposed was at the low end of the range, and the Court imposed less than the minimum $10,000 fine and waived interest based on its finding that Marshall could not pay more. Nothing in the sentence imposed implicates any of the concerns of *Apprendi* or *Jones*.

After carefully reviewing the briefs and accompanying materials of record, we will affirm the conviction and sentence. Counsel conducted a conscientious review of the record and concluded that there were no non-frivolous issues that could be raised on appeal. 386 U.S. at 744, 87 S.Ct. 1396. We have conducted an independent examination of the record before us, and we agree with counsel that there are no non-frivolous issues that justify review. Because counsel has complied with all procedures specified in *Anders*, we will grant his motion for withdrawal.

For the foregoing reasons, we will AFFIRM the Order of the District Court and GRANT counsel's request to withdraw.