**UNITED STATES of America,**

v.

**Dorian TABARES, Appellant.**

**No. 02–2117.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) Dec. 12, 2002.

Decided Dec. 23, 2002.

Before FUENTES and STAPLETON, Circuit Judges and O'KELLEY,* District Judge.

## OPINION OF THE COURT

FUENTES, Circuit Judge.

On October 22, 2001, Appellant Dorian Tabares pled guilty to a one-count information charging him with violating 8 U.S.C. § 1326(a) and (b)(2) by re-entering the United States after he was deported subsequent to being convicted of an aggravated felony. In the Presentence Investigation Report, the Probation Office assigned Tabares a total offense level of 21 and a criminal history category of II, which placed him in a sentencing range of 41–51 months. At sentencing on April 5, 2002, Tabares moved for a downward departure on the basis that, as a result of his alien status, he would suffer a fortuitous increase in the severity of his sentence.

The District Court declined to depart downward.[1] Tabares filed a timely Notice of Appeal.

The District Court exercised jurisdiction over this case pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's decisions concerning departures from the Sentencing Guidelines for an abuse of discretion. *See, e.g., United States v. Abuhouran,* 161 F.3d 206, 209 (3d Cir.1998) (citing *United States v. Sally,* 116 F.3d 76, 78 (3d Cir.1997)). However, "[w]e lack jurisdiction to review a refusal to depart downward when the district court, knowing it may do so, nonetheless determines that departure is not warranted." *United States v. McQuilkin,* 97 F.3d 723, 729 (3d Cir.1996) (citing *United States v. Denardi,* 892 F.2d 269, 272 (3d Cir. 1989)).

As pertinent to this appeal, Tabares argued at the sentencing hearing that his sentence would be fortuitously increased due to his alien status (1) because he would serve an additional six months in INS detention and (2) because, as a deportable alien, he was ineligible for early release programs for which non-alien defendants with the same offense level and criminal history category were eligible. On appeal, Tabares asserts that the District Court did not take into consideration the additional six months incarceration he would be subjected to due to his ineligibility for early release and focused only on the increased severity of his sentence due to the six months he would serve in INS custody.

Our review of the record indicates that the District Court recognized its discretion

---

* The Honorable William C. O'Kelley, United States District Judge for the Northern District of Georgia, sitting by designation.

1. However, the District Court sentenced Tabares to imprisonment for a term of 41 months, the lowest term under the applicable guidelines range. Additionally, the Court agreed to recommend to the Bureau of Prisons that Tabares be designated to a facility close to Tampa, Florida so that Tabares' family could visit with him there.

to depart downward. The Court explained:

> I acknowledge that I have the authority to depart in this case . . . . . But I'm am [sic] exercising my discretion not to depart. I will consider your arguments as to where I sentence [Tabares] within the range.

App. at 43–44. The record also shows that the District Court considered Tabares' argument that a downward departure was warranted because his ineligibility for early release would fortuitously result in a more severe sentence being imposed on him than would be imposed on a similarly situated non-alien. After defense counsel advanced Tabares' early release argument, the following colloquy ensued:

> THE COURT: He can't get released because he has to be deported.
>
> [DEFENSE COUNSEL]: Yes. But he's getting 12 months more than everybody else at [an offense level of] 21.
>
> THE COURT: I understand.

App. at 34. When sentencing Tabares, the District Court explained the reasons underlying its denial of the requested downward departure:

> I don't depart because I don't find that this case falls within United States versus Smith.[2] In that case the courts are told to depart only when they are persuaded that the greater severity, to the extent one considers this severity, is undeserved.
>
> In this case, whenever a defendant illegally re-enters a country after having been deported once and told that he is legally barred from re-entering, he certainly knows and deserves administrative deportation proceedings after the illegal re-entry. So I don't find that it falls within Smith.
>
> I also don't find that it falls outside the heartland of the other reentry cases. There's simply nothing about Mr. Tabares' case that is different from all of the unlawful re-entry cases we are seeing now.

App. at 44.

Because it is clear from the record that the District Court carefully considered all arguments advanced by Tabares in support of his motion for downward departure and acted well within its discretion in denying the relief sought, the District Court's decision is not reviewable by this Court. The instant appeal is therefore dismissed for lack of appellate jurisdiction.

---

2. *United States v. Smith,* 27 F.3d 649 (D.C.Cir. 1994)