

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-2-2003

# USA v. Ramos

Precedential or Non-Precedential: Non-Precedential

Docket 02-1792

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Ramos" (2003). *2003 Decisions.* Paper 899.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/899

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 02-1792

_____

UNITED STATES OF AMERICA

v.

JOSE MIGUEL RAMOS
Appellant.

_____

On Appeal from the United States District Court
for the District of New Jersey
(Crim. No. 01-cr-00599)
District Judge:  The Honorable John C. Lifland

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 12, 2002

Before: FUENTES and STAPLETON, Circuit Judges and O'KELLEY*, District Judge

(Opinion Filed: January 2, 2003)

_____

_____

* The Honorable William C. O'Kelley, United States District Judge for the Northern
District of Georgia, sitting by designation.

_____

OPINION OF THE COURT
_____

FUENTES, Circuit Judge:

On September 21, 2001, Ramos pled guilty to a one-count information charging him with violating 21 U.S.C. § 952(a) by importing over 100 grams of heroin from Colombia into the United States. His appeal is limited to the sentence imposed on him by the District Court. He argues that the District Court erred in declining to exercise its discretion to grant him a downward departure under U.S.G.G. § 4A1.3. We will dismiss the appeal for lack of jurisdiction.

**I.**

On April 25, 2001, Appellant Jose Ramos arrived at Newark International Airport on a flight from Bogota, Colombia. At a routine customs examination, Ramos appeared nervous and was, therefore, asked to consent to an x-ray. The consensual x-ray exam revealed that foreign objects were in his digestive tract. Ramos was transported to a medical facility for observation where he passed 43 pellets of a substance which tested positive for heroin. A Drug Enforcement Agency lab report indicated that the total net weight of the heroin recovered from Ramos' body was 947.3 grams with a 93 % purity. Thereafter Ramos pled guilty to a one-count information charging him with importing drugs.

In the Pre-sentence Investigation Report, the Probation Office assigned Ramos a total

offense level of 27 and a criminal history category of V based upon a total of 10 criminal history points, which placed him in a sentencing range of 120-150 months. At sentencing on March 7, 2002, the Court found that a two-level downward adjustment was warranted due to Ramos' minor role in the drug importation offense with which he had been charged. With an adjusted total offense level of 25 and a criminal history of V, the applicable guideline range was 100 to 125 months.

Ramos moved for a downward departure pursuant to U.S.S.G. § 4A1.3[1] on the basis that his criminal history score over-represented (1) the seriousness of his criminal past, which consisted of predominantly drug-possession convictions stemming from his drug addiction, and (2) the likelihood that he would commit other crimes. Ramos requested imposition of a 60 month sentence so that he would be eligible for participation in a boot camp program. The Government opposed Ramos' request for a downward departure, asserting that his continued non-compliance with the law and the terms and conditions of probation showed that Ramos had a serious criminal history and would likely commit future crimes. After hearing arguments, the District Court declined to depart downward. The Court sentenced

---

[1]Section 4A1.3 provides:

> If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range.

U.S.S.G. § 4A1.3

Ramos to imprisonment for a term of 100 months, the lowest term under the applicable guidelines range, and supervised release for four years. Ramos filed a timely Notice of Appeal.

The District Court exercised jurisdiction over this case pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's decisions concerning departures from the Sentencing Guidelines for an abuse of discretion. See, e.g., United States v. Abuhouran, 161 F.3d 206, 209 (3d Cir. 1998) (citing United States v. Sally, 116 F.3d 76, 78 (3d Cir. 1997)). However, "[w]e lack jurisdiction to review a refusal to depart downward when the district court, knowing it may do so, nonetheless determines that departure is not warranted." United States v. McQuilkin, 97 F.3d 723, 729 (3d Cir. 1989) (citing United States v. Denardi, 892 F.2d 269, 272 (3d Cir. 1989)).

**II.**

Ramos requested a downward departure on the basis that a criminal history category of V over-represented the seriousness of his prior conduct and his risk of recidivism because all but one of his convictions were for possession of narcotics due to his addiction and the single non-drug related conviction was for criminal trespass, for which he served one day. Ramos pointed out that he had served a combined total time of less than eight and a half months for committing minor offenses but was being placed in the same criminal history category as hard-core criminals who have committed several violent offenses, such as armed robbery or aggravated assault, and who would have served a substantially longer time in

prison for those offenses.

Ramos asserts that the District Court erroneously disregarded evidence of accomplishments suggesting that his risk of recidivism has been lowered, such as his achievement of sobriety, completion of his GED, and enrollment in job skills courses. Ramos also asserts on appeal that the District Court did not consider a wide range of factors in assessing whether his criminal history score overstated the seriousness of his past conduct.

Our review of the record indicates that the District Court recognized its discretion to depart downward. The Court explained:

> Departures under 4A 1.3 such as those that are requested here are justified in certain cases. Those cases include, or those cases are defined by the fact that there has been a significant over representation of the seriousness of his past conduct and future threat to society. I am quoting from the United States versus Beckham decision of 968 F.2d 47. Page 55.[2]

App. at 26.

The record also shows that the District Court considered multiple factors in assessing whether Ramos' criminal history overstated his past criminal conduct and the risk of recidivism. After defense counsel presented Ramos' arguments in support of a downward departure, the Court clarified its understanding of Ramos' position by asking:

> The argument, as I understand it, is that Mr. Ramos was a heroin addict for many years, that he – that part of his criminal history and four out of the ten [criminal history] points [were] related to selling drugs in order to earn money so that he could support his

---

[2]United States v. Beckham, 968 F.2d 47, 55 (D.C. Cir. 1992).

-5-

habit.

> [A] lesser number of points in the criminal history are attributable to possession for personal use. Am I accurately summarizing your position . . . ?

App. at 25-26. Defense counsel responded: "Yes, your Honor." App. at 26. The District Court then explained why it decided to deny the requested downward departure:

> It appears to me that the history of these offenses which constitute Mr. Ramos' criminal history extend over a substantial period of time, a fairly steady recidivism starting at age 29, and continuing through age about 32, and the history and then including this offense, where I believe he was about 33 at the time of his arrest. So insofar as Mr. Ramos' future threat to society, I, and as reflected in his criminal history, it does appear to me that there will be a continuing threat, based upon that history.
>
> Mr. Ramos was not an immature individual at the time. I indicated his age already, which certainly is an age of maturity.
>
> As I have indicated, there has been a steady progression of offenses throughout the period of time about four years in Mr. Ramos' history. All of that history is relatively recent.
>
> So for those reasons I must conclude that criminal history of ten does not significantly over represent the actual criminal history of Mr. Ramos. So I must deny that motion for a downward departure.

App. at 26-27. Notwithstanding Ramos' arguments to the contrary, the Court expressly acknowledged its awareness of the addiction which motivated Ramos' criminal conduct and the efforts Ramos had undertaken to recover from his addiction. This is reflected in part by the Court's response to Ramos' request for a sentence at the bottom of the guidelines range:

-6-

Well, Mr. Ramos has demonstrated a need for help with his substance abuse problem and [defense counsel] has told me that in the past he has successfully received such help.

I will certainly recommend to the Bureau of Prisons that efforts continue in that respect.

My sentence will be at the bottom of the guideline range that I have established. The reasons I am sentencing, I am going to sentence at the bottom of that guideline range are that both in the presentence report and in his remarks here today Mr. Ramos has demonstrated genuine remorse, and I do take account of the fact that his addiction did play a part in his criminal conduct.

App. at 29. Moreover, the Court's appreciation of the role that Ramos' addiction played in his life is reflected by the steps it took to ensure that Ramos would remain drug free, such as placing Ramos on supervised release for a term of four years following the end of his sentence, during the course of which Ramos would be required to submit to drug testing.

It is clear from the record that the District Court thoroughly considered the arguments advanced by Ramos in support of his motion for downward departure and acted well within its discretion in denying the relief sought. As such, the District Court's decision is not reviewable by this Court. This appeal is therefore dismissed for lack of appellate jurisdiction.

_____

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

By the Court,

/s/ Julio M. Fuentes

Circuit Judge