

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-20-2003

# USA v. Rick

Precedential or Non-Precedential: Non-Precedential

Docket 02-2391

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Rick" (2003). *2003 Decisions.* Paper 547.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/547

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No: 02-2391
_____

UNITED STATES OF AMERICA

v.

ROXANNE RICK,

Appellant

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 00-cr-00184)
District Judge: Honorable William L. Standish

_____

Submitted under Third Circuit LAR 34.1(a)
on March 7, 2003

Before: ROTH, BARRY and FUENTES, Circuit Judges

(Opinion filed          May 19, 2003                    )

_____

ROTH, <u>Circuit Judge:</u>

Roxanne Rick pled guilty to one count of conspiring to distribute Schedule II and III controlled substances in violation of 21 U.S.C. § 846 and to two counts of distribution of various Schedule II and III controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 841(b)(1)(D). Rick also accepted responsibility for four other counts of distribution. In the plea agreement, the parties agreed that the quantity of Schedule II and III drugs attributable to Rick resulted in a combined marijuana equivalent of 685.5 kilograms. The parties also agreed Rick's offense level should be increased by two for Rick's abuse of her position. The government agreed to a three-level reduction in the offense level for Rick's acceptance of responsibility. Rick moved for a downward departure on the grounds of diminished capacity, coercion and duress (later withdrawn), extraordinary post-offense rehabilitation efforts, extraordinary family responsibilities, and a combination of these factors. The District Court was not persuaded that Rick was entitled to a downward departure on any one of these grounds but nevertheless determined that, in combination, the grounds urged for departure warranted a downward departure of two levels. Rick was sentenced to 57 months imprisonment.

Rick appeals on two grounds: (1) the District Court erred in denying a downward departure for Rick's post-offense rehabilitation and (2) the District Court erred in denying

a downward departure for Rick's family responsibilities under U.S.S.G. § 5H1.6.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's decision concerning a departure from the Sentencing Guidelines for an abuse of discretion. *See e.g. United States v. Abuhouran*, 161 F. 3d 206, 209 (3d Cir. 1998) *citing United States v. Sally*, 116 F. 3d 76, 78 (3d Cir. 1997). However, "we lack jurisdiction to review a refusal to depart downward when the district court, knowing it may do so, nonetheless determines that departure is not warranted." *United States v. McQuilkin*, 97 F. 3d 723, 729 (3d Cir. 1996) *citing United States v. Denardi*, 892 F. 2d 269, 272 (3d Cir. 1989).

On both grounds of appeal, Rick argues that the District Court failed to recognize its authority to depart downward for her post-offense rehabilitation and her family responsibilities.

First, regarding Rick's post-offense rehabilitation, the District Court explained that Rick's participating in therapy, taking prescribed medication and abstaining from the use of alcohol for over a year were actions that were not extraordinary enough to warrant a downward departure. The District Court made a point to explain on the record several examples of extraordinary circumstances that would warrant a downward departure. The District Court concluded that Rick's case did not fit into this category. We find that the District Court did acknowledge its discretion to depart downward but refused to do so on the facts of this case.

3

Rick further argues that the District Court erred in stating that Rick's post-offense rehabilitation did not start until five weeks after her guilty plea. In finding that the District Court exercised its discretion, we do not find that the District Court abused its discretion in reviewing these facts.

Second, regarding Rick's family ties and responsibilities, the District Court explained that it was bound by our holding in *United States v. Sweeting* which dictates that a downward departure for family ties and responsibilities should be the exception rather than the rule. *Sweeting*, 213 F. 3d 95,100 (3d Cir. 2000). Here, the District Court went to great lengths to point out the factors it considered and why each factor shows that Rick's family ties and responsibilities are not extraordinary enough to warrant a downward departure. We find that the District Court did acknowledge its discretion to depart downward but refused to do so on the facts of this case.

For the foregoing reasons, we find that we lack jurisdiction to review the District Court's refusals to depart from the Sentencing Guidelines.

_____

/s/Jane R. Roth

_____

TO THE CLERK:

     Please file the foregoing Opinion.

                           By the Court,

                           _____

                                Circuit Judge