**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-3476

_____

UNITED STATES OF AMERICA

v.

K.M.,
                        Appellant

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-15-cr-00003-005)
District Judge: Honorable Christopher C. Conner

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 28, 2020

_____

Before: CHAGARES, RESTREPO, and BIBAS, *Circuit Judges*.

(Opinion Filed:  August 7, 2020)

_____

OPINION[*]

_____

---

[*]  This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

RESTREPO, *Circuit Judge.*

Appellant K.M. pled guilty to transporting a minor for illegal sexual activity. In the plea agreement he entered with the Government, K.M. waived the right to appeal his conviction and sentence. K.M. later agreed to cooperate in exchange for the Government seeking authority to file a downward departure motion. However, the Government ultimately declined to file the motion and the District Court sentenced him to the mandatory minimum term of 120 months' imprisonment. K.M. now seeks enforcement of the cooperation agreement. Because he waived his right to appeal, we will dismiss K.M.'s appeal.

## I.

K.M.'s father trafficked women and young girls in the Middle District of Pennsylvania area and he groomed K.M. to participate in the business. K.M. transported young girls to meet with "clients" from 2012 to 2015. He was eventually charged with seven counts due to his participation in the enterprise. On December 5, 2017, K.M. entered into a plea agreement with the Government in which he would plead guilty to transportation of a minor to engage in prostitution, and he agreed to waive his right to appeal in exchange for the Government recommending a three-level sentencing reduction under the Sentencing Guidelines.

K.M. then decided to cooperate in exchange for the Government seeking authority to file a downward departure motion under § 5K1.1 of the Sentencing Guidelines and 18 U.S.C. § 3553(e). Although K.M. testified against three codefendants at trial, the Government declined to file the motion after he violated the terms of his pretrial release.

2

The District Court denied K.M.'s motion to compel the Government to file the motion and sentenced him to the mandatory minimum term of 120 months' imprisonment. K.M. timely filed a notice of appeal.

## II.

The District Court had jurisdiction over the criminal proceedings pursuant to 18 U.S.C. § 3231. We have jurisdiction to review the District Court's final judgment of conviction and sentence under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Furthermore, we have subject matter jurisdiction over an appeal in which the defendant signed an appellate waiver. *United States v. Goodson,* 544 F.3d 529, 533 (3d Cir. 2008).

## III.

An appellate waiver is valid if the defendant knowingly and voluntarily agreed to the waiver. *United States v. Khattak*, 273 F.3d 557, 563 (3d Cir. 2001). We first determine whether the district court addressed "the defendant personally in open court and . . . determine[d] that the defendant understands . . . the terms of any provision in [the] plea agreement waiving the right to appeal or to collaterally attack the sentence." *See id.* (quoting Fed. R. Crim. P. 11). We then consider if there are any exceptions written in the plea agreement prohibiting enforcement of the waiver. *United States v. Jackson*, 523 F.3d 234, 244 (3d Cir. 2008).

Next, we "determine whether enforcing the waiver would work a miscarriage of justice." *Id*. There are several factors we have considered when determining whether there exist unusual circumstances amounting to a miscarriage of justice, including "the clarity of the error, its gravity, its character . . . , the impact of the error on the defendant,

3

the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." *Id*. at 242–43 (quoting *Khattak*, 273 F.3d at 563).

It is undisputed that K.M. signed the plea agreement knowingly and voluntarily. The plea agreement contains language indicating that he knowingly waived his right to appeal. When the District Court spoke directly with K.M. regarding the plea agreement, K.M. acknowledged that he understood and accepted the terms of the plea agreement, including the appellate waiver provision.

Moreover, this appeal does not fall within any exception set forth in the plea agreement. The plea agreement's appellate waiver provision is broad and all-encompassing. It makes clear that K.M. agreed to waive all potential grounds for appeal. Neither the plea agreement generally nor the appellate waiver provision specifically provides an exception to K.M.'s waiver of his right to appeal.

Lastly, there are no unusual circumstances resulting in a miscarriage of justice if the appellate waiver is enforced. K.M.'s sentence is the mandatory minimum term of 120 months' imprisonment and it also falls within the Sentencing Guidelines range. The District Court adhered to the general rule that it could not sentence K.M. below the mandatory minimum without a downward departure motion from the Government. *See Melendez v. United States*, 518 U.S. 120, 126–30 (1996). The District Court was well within its discretion to deny K.M.'s motion to compel the Government to file the downward departure motion. *See United States v. Abuhouran*, 161 F.3d 206, 212 (3d Cir. 1998) (discussing that district courts may depart downward without a motion when the government acts in "bad faith" or "based on an unconstitutional motive" (first quoting

4

*Wade v. United States*, 504 U.S. 181, 185–86 (1992); and then quoting *United States v. Isaac*, 141 F.3d 477, 484 (3d Cir. 1998)). Thus, enforcement of the waiver does not amount to a miscarriage of justice.[1]

## IV.

For the foregoing reasons, we will enforce K.M.'s appellate waiver and dismiss his appeal.

---

[1] Rather than dismissing based on the appellate waiver, Judge Bibas would vacate and remand for an evidentiary hearing on whether, based on the terms of the cooperation agreement, the Government was obligated to seek to move for a downward departure. In his view, the initial plea agreement's appellate waiver cannot bar K.M.'s challenge to the Government's failure to live up to its end of a separate, later cooperation agreement. "[W]aivers of appeals should be strictly construed." *Khattak*, 273 F.3d at 562. And K.M. would have had no reason to believe that his *plea* agreement would bar appellate review of the Government's breach of the distinct *cooperation* agreement.