ALD-122                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3081
_____

HITHAM ABUHOURAN, Appellant

v.

WARDEN J. GRONDOLSKY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 08-4379)
District Judge:  Honorable Dickinson R. Debevoise
_____

Submitted on Appellant's Motion to Reopen, Appellant's Application
to Proceed In Forma Pauperis, and for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 1, 2012
Before:  SLOVITER, FISHER and WEIS, Circuit Judges

(Opinion filed: March 13, 2012)
_____

OPINION
_____

PER CURIAM.

Pro se appellant Hitham Abuhouran appeals the District Court's order dismissing

his motion under Rule 60(b)(6) of the Federal Rules of Civil Procedure.  For the reasons

set forth below, we will summarily affirm the District Court's judgment.

1

In 1995, Abuhouran pleaded guilty in the United States District Court for the Eastern District of Pennsylvania to numerous charges, including bank fraud in violation of 18 U.S.C. § 1344 and money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i), and he was sentenced to 188 months' imprisonment. Abuhouran appealed, and we affirmed the District Court's judgment. United States v. Abuhouran, 161 F.3d 206 (3d Cir. 1998).

Abuhouran has since filed a flurry of post-judgment motions, including two motions under 28 U.S.C. § 2255 and several requests to this Court for permission to file successive § 2255 motions. All of these motions have been denied.

Following the Supreme Court's decision in United States v. Santos, 553 U.S. 507 (2008), in which the Court, in a split opinion, interpreted the word "proceeds" as used in the money-laundering statute,[1] Abuhouran sought permission to file a successive motion pursuant to § 2255 to challenge his convictions for money laundering. We denied the request but concluded that, because Abuhouran claimed that he was being detained for conduct that had subsequently been rendered non-criminal by an intervening Supreme Court decision, he could file a habeas petition pursuant to 28 U.S.C. § 2241 in the district in which he was confined, the District of New Jersey. Abuhouran then filed a § 2241

---

[1] The relevant provision states as follows: "Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity . . . with the intent to promote the carrying on of specified unlawful activity . . . shall be sentenced to a fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater, or imprisonment for not more than twenty years, or both." 18 U.S.C. § 1956(a)(1)(A)(i).

petition, arguing that the transactions charged as money laundering in his case did not qualify as "proceeds" as defined by Santos. The District Court rejected this argument, holding that the transactions at issue were a proper basis for the money-laundering charges. Abuhouran appealed, and we affirmed. Abuhouran v. Grondolsky, 392 F. App'x 78 (3d Cir. 2010).[2]

Abuhouran thereafter filed a motion under Rule 60(b)(6) in the District Court, arguing that the District Court's denial of his § 2241 petition was "erroneous[] and mistaken[] because it misstated pertinent facts and failed to consider the totality of the claims disputing the accurate amount of money alleged to be laundered by the government." More specifically, Abuhouran claimed that because he had used some of the money that he had obtained via bank fraud to fund construction, that money did not qualify as "proceeds" under Santos. As a consequence, he argued, his money-laundering convictions should be vacated or, at the least, he should be resentenced. The District Court dismissed Abuhouran's motion, holding that there were "no extraordinary circumstances in this case that justify Rule 60(b)(6) relief." Abuhouran also filed a motion to be released on bail, which the District Court denied. Abuhouran then filed a timely notice of appeal to this Court.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review the District Court's order for abuse of discretion. See Budget Blinds, Inc. v. White, 536 F.3d 244,

---

[2] We discussed the Supreme Court's decision in Santos in some detail in our previous opinion in this case, and need not repeat that discussion here.

251 (3d Cir. 2008). As an initial matter, we will dispose of two preliminary issues. While Abuhouran's appeal was dismissed for failure to pay the filing fees, he soon thereafter filed an application to proceed in forma pauperis (IFP) and a motion to reopen. We are satisfied that Abuhouran has established good cause to reopen his case, see 3d Cir. L.A.R. 107.2(a), and that he is entitled to proceed IFP, see 28 U.S.C. § 1915. Accordingly, we will grant his motion to reopen and his IFP application.

Nevertheless, we will affirm the District Court's judgment. In his Rule 60(b)(6) motion, Abuhouran has argued that the District Court erred in applying the rule of Santos to the facts of his case. However, this argument is indistinguishable from the arguments that he presented in support of his § 2241 petition, which both this Court and the District Court rejected. It is well established that "a Rule 60(b) motion may not be used as a substitute for appeal, and that legal error, without more, cannot justify granting a Rule 60(b) motion." Smith v. Evans, 853 F.2d 155, 158 (3d Cir. 1988); see also Martinez-McBean v. Gov't of V.I., 562 F.2d 908, 911 (3d Cir. 1977) ("[I]t is improper to grant relief under Rule 60(b)(6) if the aggrieved party could have reasonably sought the same relief by means of appeal."). Nor can Abuhouran use a Rule 60(b)(6) motion as a means of seeking review of our previous opinion in this case. See Reform Party v. Allegheny Cnty. Dep't of Elections, 174 F.3d 305, 312 (3d Cir. 1999). The District Court therefore did not abuse its discretion in concluding that Abuhouran was entitled to no relief under

4

Rule 60(b)(6).[3]

Accordingly, we grant Abuhouran's motion to reopen and his IFP application, and will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

[3] To the extent that Abuhouran appeals the District Court's denial of his motion to be released on bail pending disposition of his Rule 60(b)(6) motion, we will likewise affirm the District Court's order. See Landano v. Rafferty, 970 F.2d 1230, 1239 (3d Cir. 1992) (explaining that such a motion may be granted in only "extraordinary circumstances," which are presented in "[v]ery few cases").