**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3022
_____

UNITED STATES OF AMERICA

v.

HAROLD GRIFFIN,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 2-07-cr-00028-001)
District Judge: Hon. Paul S. Diamond

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 27, 2013

Before:  CHAGARES, VANASKIE, and SHWARTZ, Circuit Judges.

(Filed: July 29, 2014)
_____

OPINION
_____

CHAGARES, Circuit Judge.

Harold Griffin appeals his conviction by a jury of possession of a firearm and

ammunition by a convicted felon.  He also appeals the sentence imposed by the United

States District Court for the Eastern District of Pennsylvania.  For the following reasons,

we will affirm.

I.

We write solely for the parties' benefit and thus recite only the facts essential to our disposition. Sergeant Walt Medycki responded to a radio call, early in the morning of May 20, 2006, which reported that shots had been fired at Old York Road and Godfrey Avenue in Philadelphia, Pennsylvania. Medycki observed Harold Griffin at the nearby intersection of Old York Road and Stenton Avenue and believed Griffin was carrying a gun. He approached Griffin and, Medycki testified at trial, Griffin pointed the barrel of the rifle he was holding at Medycki's chest. Griffin offered a justification defense, which he articulates before this Court as well, that he obtained the gun after struggling with an assailant who attempted to rob him. Griffin claims that his left ankle was grazed by a shot fired during the struggle, that he told Sergeant Medycki about the wound, but that Sergeant Medycki "wouldn't listen and ordered [him] to get against the cruiser." Griffin Br. 13.

During the voir dire process, a prospective juror remarked before the jury pool that his "brother's only daughter was viciously murdered by a handgun that — that — that person had no business having." Supplemental Appendix ("S.A.") 73. The District Court denied Griffin's request to dismiss the jury panel, and instead issued a detailed curative instruction. The jury found Griffin guilty of possession of a firearm and ammunition as a convicted felon, pursuant to 18 U.S.C. § 922(g)(1). The District Court denied Griffin's motion, brought pursuant to Federal Rule of Criminal Procedure 33(a), to vacate the jury verdict and grant a new trial.

The District Court held the final sentencing hearing on July 12, 2012, where it adopted the recommendations contained in the Presentence Investigation Report ("PSR"). S.A. 552. The PSR calculated that, although Griffin's base offense level was twenty-four, Griffin's three prior convictions meant that his final offense level was thirty-three, pursuant to the "armed career criminal" provision of the advisory United States Sentencing Guidelines ("U.S.S.G."). See U.S.S.G. § 4B1.4(b)(3)(B); see also 18 U.S.C. § 924(e). Griffin filed a motion to reduce his sentence pursuant to U.S.S.G. § 5K2.11, which permits the sentencing court to reduce a sentence when it finds that the defendant "commit[ted] a crime in order to avoid a perceived greater harm." The District Court denied the motion. Although Griffin attempted to cooperate with the Government, the Government did not file a motion for downward departure pursuant to U.S.S.G. § 5K1.1, and the District Court denied Griffin's request for an evidentiary hearing on the Government's decision not to file a § 5K1.1 motion.

The District Court sentenced Griffin to 262 months of imprisonment. Griffin now appeals the District Court's decision not to strike the jury panel, the denial of Griffin's motion for a new trial, the designation of Griffin as a career offender pursuant to 18 U.S.C. § 924(e), the District Court's denial of Griffin's motion pursuant to U.S.S.G. § 5K2.11, the denial of Griffin's motion to compel the Government to file a § 5K1.1 motion, and, finally, the sentence imposed by the District Court, which Griffin argues was substantively unreasonable.

II.

The District Court had jurisdiction over this matter pursuant to 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291. However, we lack jurisdiction over Griffin's claims that "attack[] the district court's exercise of discretion in refusing to reduce the sentences below the sentencing guidelines." United States v. Denardi, 892 F.2d 269, 272 (3d Cir. 1989).

We review a district court's denial of a motion to dismiss the jury panel for abuse of discretion. United States v. Jones, 566 F.3d 353, 359 (3d Cir. 2009). Likewise, we review the District Court's denial of a Rule 33(a) motion for abuse of discretion. United States v. Saada, 212 F.3d 210, 215 (3d Cir. 2000). As for the District Court's designation of a defendant as an armed career offender, "[w]e exercise plenary review over legal questions about the meaning of the sentencing guidelines, but apply the deferential clearly erroneous standard to factual determinations underlying their application." United States v. Inigo, 925 F.2d 641, 658 (3d Cir. 1991). Furthermore, "[w]e review a district court's decisions concerning departures from the Sentencing Guidelines for abuse of discretion." United States v. Abuhouran, 161 F.3d 206, 209 (3d Cir. 1998).

We review the substantive reasonableness of a district court's sentence for abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007). This requires that we consider "whether the final sentence, wherever it may lie within the permissible statutory range, was premised upon appropriate and judicious consideration of the relevant factors." United States v. Doe, 617 F.3d 766, 770 (3d Cir. 2010). We apply a deferential standard, affirming "unless no reasonable sentencing court would have imposed the same

4

sentence on that particular defendant for the reasons the district court provided." United States v. Tomko, 562 F.3d 558, 568 (3d Cir. 2009).

### III.

Griffin argues that the District Court abused its discretion in failing to dismiss the entire jury panel when, during the voir dire process, a prospective juror declared that his "brother's only daughter was viciously murdered by a handgun that — that — that person had no business having." S.A. 73. We disagree. The District Court recognized the potentially prejudicial nature of the prospective juror's remarks, and properly addressed it with a curative instruction that stressed that the prospective juror's comment "was not an appropriate thing to say," that "[n]either Mr. Griffin nor any of the rest of us is complicit in the crime" the prospective juror recounted, and that "the very terrible events that according to [the prospective juror's] statement befell [his] niece" have "nothing to do, nothing to do with" Griffin's case. S.A. 75. The court also reiterated that Griffin "sits here presumed innocent of th[e] crime" for which he was on trial, and that the Government would need to prove Griffin's guilt "by the very, very heavy burden of proof" required in criminal cases. Id. The District Court then asked the jurors whether they had difficulties with the "constraints that are essential" to "due process both to the government and Mr. Griffin" — namely, whether the jurors had difficulty "avoid[ing] any kind of taint of transference of blame from one situation to another." S.A. 76-77. We hold that the District Court did not abuse its discretion in denying the request to dismiss the jury panel after delivering this detailed instruction.

5

We likewise hold that the District Court did not abuse its discretion in denying Griffin's motion for a new trial pursuant to Rule 33. Griffin presented a justification defense at trial, and he argues before this Court that "fair consideration of the evidence presented" at trial demonstrates that Griffin's possession of the rifle was justified, and that "the jury's verdict of guilty [was] an egregious miscarriage of justice." Griffin Br. 20. To establish a justification defense, the defendant must show the following:

> (1) he was under unlawful and present threat of death or serious bodily injury; (2) he did not recklessly place himself in a situation where he would be forced to engage in criminal conduct; (3) he had no reasonable legal alternative (to both the criminal act and the avoidance of the threatened harm); and (4) there is a direct causal relationship between the criminal action and the avoidance of the threatened harm.

United States v. Alston, 526 F.3d 91, 95 (3d Cir. 2008) (footnote omitted). Although Griffin testified as to these elements of his defense at trial, and the District Court properly instructed the jury as to the four elements, S.A. 399, the jury found Griffin guilty. As the District Court explained, even though "Defendant's testimony was not outlandish, nor was the officers' testimony so ironclad that it could not but be believed," "jurors could have, reasonably, chosen not to credit defendant's testimony." Attachments to Griffin's Br. 5. We agree, and hold that the District Court correctly denied Griffin's motion for a new trial on the grounds that the jury should have accepted his defense.

We further hold that the District Court did not err in classifying Griffin as a career offender under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). That subsection requires a sentence of a minimum of fifteen years of imprisonment for individuals found to have violated 18 U.S.C. § 922(g) who have "three previous

6

convictions . . . for a violent felony or a serious drug offense, or both." Griffin argues that his robbery convictions pursuant to arrests on June 20, 1989 and July 12, 1989 should be counted as a single conviction for the purposes of § 924(e)(1), since a single sentence of imprisonment — representing the conduct charged on both arrests — was imposed on September 27, 1990. However, pursuant to the June 20, 1989 arrest, Griffin was charged with committing four robberies. In United States v. Schoolcraft, we adopted the "separate episode test" to determine whether the ACCA's sentence-enhancing provision applies to "cases where the defendant received multiple convictions in a single judicial proceeding." 879 F.2d 64, 73 (3d Cir. 1989). We held that the separate episode test requires "simply . . . that the criminal episodes be distinct in time"; "separate" does not require that convictions be entered at different proceedings. Id. We therefore hold that Griffin had the requisite number of convictions for proper application of § 924(e)(1).

Griffin's additional argument, that the robbery convictions are "constitutionally defective and, thereby, outside of 924(e)," Griffin Br. 27, because counsel who represented him for the robbery convictions was ineffective, is also unavailing given that the Supreme Court has held that "a defendant in a federal sentencing proceeding . . . has no . . . right . . . to collaterally attack prior convictions." Custis v. United States, 511 U.S. 485, 487 (1994). Finally, because this Court has held that, notwithstanding the Supreme Court's ruling in Apprendi v. New Jersey, 530 U.S. 466 (2000), the holding of Almendarez-Torres v. United States, 523 U.S. 224 (1998), remains good law, "prior convictions that increase the statutory maximum for an offense are not elements of the offense and thus may be determined by the District Court by a preponderance of the

7

evidence." United States v. Coleman, 451 F.3d 154, 159 (3d Cir. 2006). Therefore, we hold that the District Court properly applied § 924(e)(1) to Griffin's case.

We do not consider Griffin's argument that the District Court erred in rejecting his request for a sentence reduction pursuant to U.S.S.G. § 5K2.11. In the instant case, the District Court did hear Griffin's request for a reduction under the lesser-harms provision, and declined to reduce Griffin's sentence. S.A. 509-11. We lack jurisdiction to consider claims that "attack[] the district court's exercise of discretion in refusing to reduce the sentences below the sentencing guidelines." Denardi, 892 F.2d at 272. Because the District Court properly exercised its discretion when it declined to grant Griffin's requested reduction, we do not have jurisdiction to review it.

Griffin further argues that the District Court erred in denying his motion to compel the Government to file a § 5K1.1 motion in light of Griffin's efforts to cooperate with the Government. Citing the Supreme Court's holding in Wade v. United States, 504 U.S. 181 (1992), this Court has explained that a "prosecutor's discretion to file [a § 5K1.1] motion [is] almost unfettered: the government's refusal [can] only be challenged if it was based on an unconstitutional motive, like race or religion." United States v. Isaac, 141 F.3d 477, 481 (3d Cir. 1998) (quotation marks omitted). Thus "[i]t follows that a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing." Id. Griffin has made no showing that the Government's refusal to make a § 5K1.1 motion stemmed from an unconstitutional motive. Accordingly, we hold that the District Court did not err in refusing to compel the Government to file such a motion.

8

Griffin argues, finally, that his sentence is substantively unreasonable. He contends that because the conduct underlying the instant conviction "was a victimless non-violent offense," since Griffin "surrendered and cooperated with authorities, . . . had not committed a violent offense since 1989," and had cooperated with the Government for several years, a sentence of 262 months of imprisonment was greater than necessary to achieve the relevant factors under 18 U.S.C. § 3553(a). Griffin Br. 45. Because we do not believe that "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided," we hold that Griffin's sentence was not substantively unreasonable. Tomko, 562 F.3d at 568.

## IV.

For the foregoing reasons, we will affirm the District Court's orders and the judgments of conviction and sentence.